JULIUS C. SIBILRUD *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

January 6, 1882.

**Negligence—Railroads—Fires on Right of Way.**—It being shown, in an action for the recovery of damages upon the ground of negligence, that fire was communicated from an engine of the defendant to combustible matter upon its right of way, and thence to plaintiff's property adjacent thereto, the statute, (Gen. St. 1878, c. 34, § 60,) raises a presumption of negligence on the part of the defendant, and the burden was upon it of proving the absence of negligence in respect to the condition and management of the engine.

**Same—Evidence held Sufficient.**—The evidence in this case considered, and *held* sufficient to justify a finding of negligence on the part of the defendant.

**Same—Removing Wild Grass from Right of Way.**—From the fact that a railroad runs through a prairie country, with wild grass growing upon its right of way and adjacent thereto, it cannot be said, as a matter of law, that it is not incumbent upon the railroad company to cut or destroy the wild grass upon its right of way and outside its road-bed.

Appeal by defendant from an order of the district court for Free-born county, *Farmer*, J., presiding, refusing a new trial.

*John Whytock*, for appellant, cited 1 Thompson on Negligence, 122, 153, n. 3; *Spaulding* v. *Chic. & N. W. Ry. Co.*, 30 Wis. 110; *Woodson* v. *Mil. & St. P. R. Co.*, 21 Minn. 60; *Spaulding* v. *Chic. & N. W. Ry. Co.*, 33 Wis. 582; *Brusberg* v. *M. L. S. & W. Ry. Co.*, 6 N. W. Rep. 821.

*Lovely & Morgan*, for respondent.

DICKINSON, J.   Appeal from an order refusing a new trial.   The action is for negligence in respect to the construction and operating of one of defendant's locomotives, by reason of which fire is alleged to have been communicated to the grass allowed to remain upon de-fendant's right of way, and thence to plaintiff's premises adjacent thereto, destroying his property.   There was evidence going to show that the fire occurred at a time when vegetation was very dry; that tall dry grass had been suffered to remain upon the right of way within a few feet of the track, and adjacent to plaintiff's premises; that the wind was high, and that the fire was caused by a passing locomotive of the defendant; that engines properly constructed have spark-screens over the smoke-stack and the openings in the ash-pan under the fire-box, which, if closed, as they may always be, in running, will not permit sparks or coals to be thrown from the engine of greater diameter than three-sixteenths of an inch.   One witness testified to being near the place where the fire started, and that he saw a coal of fire thrown from the engine of a size of about one and a half by two and a quarter inches, which, if the witness is to be be-lieved, caused the fire in question.   The engine was a coal-burner, and two other witnesses corroborate the former one by testifying that they saw such a coal at the place indicated a very short time after the fire started.   It further appears that the screens to the ash-pan may be opened by the engineer or fireman from within the cab, but that it would not be prudent to do so.   The testimony of the engineer shows that they were not opened on this occasion, so far as he knows, but it does not appear that they may not have been opened by the fireman, who could have done so at pleasure.

The evidence is sufficient to sustain the jury in the conclusion that the defendant was chargeable with negligence, although several witnesses testified that the engine was in proper condition, the engineer a competent man for his place, and that he managed the engine to the best of his ability. It is very clear that the verdict cannot be disturbed in this case, when it is considered that by force of the statute, (Gen. St. 1878, c. 34, § 60,) when the fire is shown to have been caused by the engine, a presumption of negligence arises, and the burden is thrown upon the defendant to show that it was not chargeable with negligence in respect to the condition or management of the engine. *Karsen* v. *Mil. & St. P. Ry. Co., ante,* p. 12.

The defendant asked from the court this instruction to the jury, which was refused, viz.: "That if the jury find from the evidence in this cause that the defendant's railway runs through a prairie country on each side of its track, with prairie and wild grass on either side, both along its right of way, and outside and adjacent to its track, they are instructed that the defendant was under no legal obligations to mow or cut the said wild or prairie grass outside of its road ties along its right of way." The refusal was not error. The word "obligation," of course, refers to the duty of defendant as respects carelessness,—its duty or obligation to avoid negligently exposing the property of others to injury from its engines. It does not refer to a duty imposed by statute. The property of the plaintiff, and probably the property of others, also adjoined the defendant's right of way. The defendant, as we may suppose, was duly running its trains over the road. It appears from the testimony that the escape of fire from the engines cannot be wholly prevented. It was a legal duty imposed upon the defendant to use reasonable precautions to prevent fire which might escape from its engines from communicating to the property of others. The most that defendant could have asked in this regard was that the jury should determine whether, under the circumstances, to suffer the grass to remain was ordinary prudence. It could not be said, as a matter of law, that it was not negligence.

The court also refused the following instruction to the jury which was requested by the defendant: "That if they find from the evi-

dence that the sparks from the engine mentioned communicated the fire alleged to wild dry grass growing along or near its right of way, this is not evidence of negligence as a matter of fact of the defendant, and that unless they further find from the evidence that the engine in question was of defective construction, or that it was carelessly or negligently used or employed by those in charge, the plaintiff cannot recover." The request being presented as an entirety, it must be correct as a whole, or the court could not lay it before the jury as the law. It is apparent that the proposition is not correct, when it is borne in mind that under the conditions named the burden of proof as to negligence was not upon the plaintiff, but upon the defendant. It was not necessary, to enable the plaintiff to recover, that the jury should find from the evidence that there was negligence in respect to the condition or management of the engine. It would be enough to justify a recovery if the evidence failed to show that there was not negligence.

The case presents for determination a question as to the proper construction and force of the statute above referred to, but that has already been adjudicated in *Karsen* v. *Mil. & St. P. Ry. Co., supra,* and need not be again considered.

Order affirmed.