No. 10,436.

The Indiana, Bloomington and Western Railway Company v. McBroom.

Negligence.— *Pleading.*— *Railroads.* — *Injury by Fire from Locomotive.*— A complaint to recover for property destroyed by fire negligently kindled on the defendant's premises and communicated to the plaintiff's adjoining property, which fails to aver that the defendant negligently suffered the fire to communicate to plaintiff's property, is bad on demurrer.

From the Vermillion Circuit Court.

*C. W. Fairbanks,* for appellant.

*S. F. Wood,* for appellee.

Morris, C.—The appellee sued the appellant to recover damages for the destruction of certain property in Fountain county, Indiana, alleged to have been caused by the negligence of the appellant. The complaint consists of six paragraphs, the first of which is, in substance, as follows:

It is alleged that on the 7th day of August, 1880, the appellant was the owner of, and running and operating, a railroad, extending from the city of Indianapolis, Indiana, through the said county of Fountain, to Peoria, Illinois, and that the appellee was then the owner of certain real estate in the county of Fountain, adjoining the appellant's road and right of way; that from the long and continued drought, grass, vegetation and rubbish became very dry, and that on said day, and while said appellant was operating said road and running its locomotives on said road, and on that part of it adjoining the appellee's land, coals and sparks of fire were negligently

dropped from its locomotives, which set fire to an accumulation of dry grass, weeds, rubbish and other combustibles, carelessly and negligently suffered and permitted to gather on the line of said road and upon the appellant's right of way, and over which the appellant had the management and control; and that said fire, through the medium of said dry grass, weeds, rubbish and other combustible material, carelessly and negligently suffered and permitted to gather and accumulate as aforesaid, was communicated to the fence of the appellee which divided his fields from the appellant's right of way, and burnt and otherwise destroyed eighty rods of the appellee's fence, to his damage $100.

The other paragraphs of the complaint are like the above, except that in the fifth and sixth it is alleged that the damage to the appellee's property was caused without fault or negligence on his part.

The appellant demurred to the complaint, for want of facts. The court overruled the demurrer. The cause was put at issue and the venue changed to the Vermillion Circuit Court.

The cause was submitted to a jury, who returned a verdict for the appellee, upon which, over a motion for a new trial, judgment was rendered.

The ruling of the court upon the demurrer to the complaint is assigned as error, and the question thus raised is the only one discussed by the appellant.

The objection urged to the complaint is that it is not averred in either paragraph that the appellant negligently suffered the fire, negligently started on its right of way, to escape therefrom and communicate to the property of the appellee. It is not averred in any paragraph of the complaint, that the appellant negligently allowed the fire to communicate to the property of the appellee. The appellee contends that in this case such an averment is not necessary; that, upon proof of the facts alleged in his complaint, he would be entitled to recover. This may be true, but the question is one of pleading,

not of evidence. In the case of *Pittsburgh, etc., R. W. Co.* v. *Culver*, 60 Ind. 469, NIBLACK, C. J., says:

"Negligence in starting the fire may be such in many cases as will tend to establish negligence in allowing it to communicate to the property of others, and to thus characterize the whole transaction as a negligent one; yet an averment that the fire was negligently started will not dispense with, or supply the place of, an allegation that the fire was negligently allowed to communicate to the property of other persons, as above stated."

In the case of *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 79 Ind. 111, a complaint like that now before us was held bad because it was not averred that the fire was negligently allowed to communicate to the plaintiff's property, though it was averred in that case, as in this, that the company negligently set fire to dry grass, etc., negligently allowed to accumulate on its right of way, and that through the medium of such dry grass, etc., the fire was communicated to the plaintiff's property. These cases have been approved by several subsequent cases, and must now be regarded as the law of this State.

In the case of *Louisville, etc., R. W. Co.* v. *Ehlert*, 87 Ind. 339, the complaint is, in substance, the same as in the case before us. It was held bad for the want of an averment that the defendant negligently permitted the fire to escape from its right of way and communicate to the property of the plaintiff.

We think the demurrer to the complaint should have been sustained.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.

Filed Oct. 19, 1883.