The Wabash, St. Louis and Pacific Railway Company *v.* Johnson.

No. 10,849.

THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY *v.* JOHNSON.

RAILROADS.—*Escape of Fire.*—*Contributory Negligence.* — *Complaint.* — In a suit against a railroad company to recover for property destroyed by fire, the complaint must show by direct averment, that there was no negligence by the plaintiff contributing to the injury, and the allegation that the fire was suffered to escape without the fault of the plaintiff, is not sufficient.

PLEADING.—*Facts, how Alleged.*—In pleading under the code, facts must be shown by direct averment, and the statement of evidence, from which the necessary facts might be inferred by a jury, is not enough.

From the Fountain Circuit Court.

*C. B. Stuart, W. V. Stuart, J. McCabe* and *C. M. McCabe,* for appellant.

*C. V. McAdams,* for appellee.

ELLIOTT, C. J.—It is settled by our decisions that a complaint for the recovery of damages resulting from the loss of property caused by negligence in suffering fire to escape from railroad locomotives, and to be communicated to adjoining property, must show, either by direct averment or by the facts stated, that the negligence of the plaintiff did not contribute to the injury. It is not enough to show that the defendant was negligent; it must also be made to appear that the plaintiff was without fault. *Louisville, etc., R. W. Co.* v. *Lockridge,* 93 Ind. 191; *Pennsylvania Co.* v. *Gallentine,* 77 Ind. 322; *Wilson* v. *Trafalgar, etc., G. R. Co.,* 83 Ind. 326. .

In the complaint before us the allegation is that the fire was suffered to escape through the negligence of the defendant and without the fault of the plaintiff, but it is not averred that the loss resulted without any negligence of the plaintiff. The allegation of the pleading is confined to the act of suffering the escape of the fire, and by no rule of construction can it be extended to embrace the loss or injury. It may be true, as the complaint charges, that the fire did escape through

appellant's negligence, and without any contributory negligence on the part of the appellee, and yet there be no right of action. The express averment falls far short of showing that the appellee was free from contributory negligence. It is one thing to aver that the fire escaped without the negligence of the plaintiff, and quite another to show that he did not contribute to the injury, for his contribution may have been in some matter occurring before or after the fire was suffered to escape. It is not sufficient to show freedom from negligence on one point out of several; the care incumbent upon the plaintiff must extend to all points material to his cause of action.

We can find nothing in the facts stated which shows that there was not contributory negligence on the part of the appellee. With the exception of the allegation that the fire escaped without any negligence on the part of the plaintiff, all the allegations of the pleading are directed to the negligence of the appellant; none of them touches upon the conduct of the appellee. It can not be inferred from the fact that the one was guilty of negligence that the other was not.

It may be true that the appellee was free from fault in suffering the fire to escape, and yet be true that his negligence contributed to the injury. It may be that he negligently exposed his property, or it may be that he could have extinguished the fire by a moment's exertion. It is incumbent upon the plaintiff, in all actions of this character, to show, in accordance with the rules of pleading, that he was free from fault contributing to the injury; it is not sufficient to show that in one particular he was without fault.

It is a familiar rule of pleading that facts, and not evidence, must be pleaded. It is also a well known rule that facts must be directly pleaded, and not stated by way of recital. *Jackson School Tp.* v. *Farlow*, 75 Ind. 118. There is an essential and important difference between the statement of a fact and the rehearsal of evidence. Suppose, for illustration, that the plaintiff should bring an action for the burn-

ing of his barn, and should allege in his complaint that the defendant was seen near the barn immediately before the fire; that he had a lighted torch; that he was the plaintiff's enemy, and that the barn was destroyed by fire. No one could doubt that this evidence would supply ground for inferring, as an inference of fact, that the defendant did burn the barn, and yet no lawyer would contend that the statement of this evidence would constitute a valid cause of action. Many illustrations might be given showing the difference between pleading facts and evidence. Unless parties were required to affirm facts directly, the main purpose of pleading would be frustrated, for, as every one knows, the object of pleading is to evolve an issue, and that an issue is evolved by an affirmance of issuable facts on one side and their denial on the other. Matters of evidence are not admitted by a failure to deny them, but all material averments, not denied, are admitted, and, therefore, evidentiary matters are never material. It was the rule of the common law, and is the rule of the code, that mere matters of evidence are not admitted, although all material matters are admitted by a failure to controvert them. Pomeroy Rem., sections 617, 668. It is, and always has been the rule, that a demurrer admits only such facts as are sufficiently pleaded, but matters of evidence are not sufficiently pleaded, and, therefore, matters of evidence are not admitted.

Our decisions upon the question of negligence in suffering fire to fall from locomotives and escape from the right of way of the railroad company recognize the distinction between pleading and evidence, and they rest firmly on the principles of law and logic. *Louisville, etc., R. W. Co.* v. *Ehlert,* 87 Ind. 339; *Indiana, etc., R. W. Co.* v. *McBroom,* 91 Ind. 111. It would result in uncertainty and confusion to plead mere evidence, and leave all else to inference, and the purpose of pleading is to avoid this by presenting a certain, distinct and definite issue, so that the court and jury may know exactly what they are to try.

There is an inherent, and not a mere artificial difference between pleading and evidence. There is likewise a plain distinction between inferences of fact and conclusions of law, and this distinction is a broad one, for inferences of fact the jury are charged with the duty of making, and conclusions of law it is the duty of the court to make. To break down the distinction would be to eradicate the line which separates the province of the court from that of the jury.

It may be, and probably is, true that where there is evidence making it probable that the plaintiff's carelessness did not contribute to the injury, the jury should infer that he was not guilty of negligence which contributed to the injury. That, however, is nothing to the point, for we are not concerned with a matter of evidence, but are dealing with a pleading. The cases recognize the right of the jury to make legitimate inferences from the evidence, and we have no disposition to question their soundness, even if it were proper to do so. *Louisville, etc., R. W. Co.* v. *Krinning,* 87 Ind. 351; *Pittsburgh, etc., R. W. Co.* v. *Jones,* 86 Ind. 496; S. C., 44 Am. R. 334; *Palmer* v. *Missouri, etc., R. W. Co.,* 76 Mo. 217; *Missouri Pacific R. W. Co.* v. *Kincaid,* 29 Kan. 654; *Sibilrud* v. *Minneapolis, etc., R. W. Co.,* 29 Minn. 58; *Lindsay* v. *Winona, etc., R. R. Co.,* 29 Minn. 411 (43 Am. R. 228).

The decisions in *Indianapolis, etc., R. R. Co.* v. *Paramore,* 31 Ind. 143, and *Pittsburgh, etc., R. R. Co.* v. *Nelson,* 51 Ind. 150, are not in point. In those cases it was alleged that the property was placed in a situation designated by a contract with the railroad company, and they were, therefore, within the rule, that a man who does what the railroad company directs him to do, is not guilty of contributory negligence. *Louisville, etc., R. R. Co.* v. *Kelly,* 92 Ind. 371; *Nave* v. *Flack,* 90 Ind. 205; *Lake Erie, etc., R. R. Co.* v. *Fix,* 88 Ind. 381.

The case of *Louisville, etc., R. W. Co.* v. *Krinning, supra,* is not in point, for the question arose upon the evidence, and it was said: "This question, so far as it was material in the case, was a question for the jury." The complaint in that case, it

may be noted, contained the averment which is wanting in the present complaint. What we have said of the case just commented on applies to the case of *Pittsburgh, etc., R. W. Co.* v. *Jones, supra,* so far as it relates to matters of evidence, and in so far as it bears upon the question of pleading, it is only necessary to say that the question here presented was not there in controversy, for the complaint affirmed that the plaintiff's negligence did not contribute to the injury.

The trial court erred in overruling the demurrer to the complaint, and for that error the judgment must be reversed.

Filed May 28, 1884.