OSBORNE *v.* CHICAGO & WEST MICHIGAN RAILWAY CO.

RAILROAD COMPANIES—DAMAGE BY FIRE—NEGLIGENCE.

In an action against a railroad company for negligence in "permitting a quantity of combustible material to accumulate upon its right of way, in causing a fire to be started therein, and in permitting such fire to escape from the right of way to the adjoining land of the plaintiff," it is incumbent upon the plaintiff to prove the origin of the fire, and that the negligence of the defendant was the proximate cause of the injury. A general instruction, therefore, that the defendant is liable if "the damage occurred because of the negligence of the railroad company," is erroneous.

Error to Muskegon; Russell, J.   Submitted October 20, 1896.   Decided December 1, 1896.

Case by Silas Osborne against the Chicago & West Michigan Railway Company for negligently causing the burning of property adjacent to its right of way.   From a judgment for plaintiff, defendant brings error. Reversed.

*F. A. Nims* and *William Alden Smith*, for appellant.
*Arthur Jones*, for appellee.

GRANT, J. The declaration contains three counts. Upon the trial the plaintiff abandoned the first two counts, and recovered upon the third. The third alleges that the defendant was negligent in " permitting a quantity of dry grass, rubbish, and other combustible material to be and remain upon its right of way; in causing a fire to be started in said grass and rubbish, and permitting said fire to pass and escape from its right of way to the adjoining lands of the plaintiff." The fire occurred July 16th. The combustible material which was charged to have accumulated consisted of grass and dead leaves which had accumulated among low huckleberry bushes along the right of way. The plaintiff based his right to recover upon the accumulation of the combustible material. While there was testimony from which it might be inferred that the fire caught from an engine, it is apparent that the jury were not agreed upon the origin of the fire. After they had been out some time, they returned into court, saying they could not agree. The judge refused to discharge them, and was about to send them back for further consideration, when the following colloquy took place:

" *Juror:* It is not necessary that we should find that that fire started from that engine, is it,—from the cars running through there ?

" *The Court:* Not if the damage occurred because of the negligence of the railroad company.

" *Juror:* It don't make any difference where the fire originated or started,—what was the cause of the fire ?

" *The Court:* Not if it occurred because of the negligence of the railroad company.

" *Juror:* That is what I thought.

" *The Court:* If there is nothing further, you gentlemen may retire."

The instruction, in substance, said to the jury that the origin of the fire was of no consequence, but if they found that, on account of the dry weather, the defendant was negligent in not removing the dry grass and leaves, they should find for the plaintiff, although the defendant

might have had nothing whatever to do with starting the fire. Whether there are any circumstances under which a railroad company would be liable for a fire started by a third party in such accumulations along its right of way, we need not determine. If plaintiff did not rely upon the fact that the fire was started by the defendant, it was certainly incumbent upon him to prove its origin, and that his damage resulted from the negligence of the defendant. If plaintiff had started the fire himself, or if a stranger walking along the right of way had intentionally or carelessly set fire to the grass and rubbish, or if an adjoining owner had set fire on his own land, and the fire had run across defendant's land to plaintiff's, clearly the defendant would not have been liable. In either of such cases the negligence of the defendant would not have been the proximate cause of the injury. The reason why, under certain circumstances, a railroad company is required by law to remove such inflammable material, when practicable, is to prevent its engines from setting fire thereto, and not to protect adjoining property from the acts of other parties. The court should have instructed the jury that, under the evidence, they could find for the plaintiff only upon the theory that it caused the fire. The duty of railroads in regard to such combustible material will be found discussed in *Sibilrud* v. *Railway Co.*, 29 Minn. 58; *Kesee* v. *Railroad Co.*, 30 Iowa, 78 (6 Am. Rep. 643); 2 Rorer, R. R. 792–805; 8 Am. & Eng. Enc. Law, 1.

Other questions are raised, but, as they are not likely to occur upon a new trial, we need not discuss them.

Judgment reversed and a new trial ordered.

The other Justices concurred.