## The St. Louis & San Francisco Railroad Company v. C. B. Ludlum.

### No. 210.

Negligence—*single fire set out by railroad company not suffi-cient to overcome satisfactory proof of proper care.*  Evidence of a single fire is not sufficient to warrant the Court of Appeals in sustaining a verdict and judgment against a railroad company, where the statutory presumption has been rebutted at every point by uncontradicted and satisfactory testimony.

Error from Sedgwick Court of Common Pleas. Hon. Jacob M. Balderston, Judge.  Opinion filed October 16, 1897.  *Reversed.*

*J. W. Gleed* and *C. Hamilton*, for plaintiff in error. *Gleed, Ware & Gleed* and *D. E. Palmer*, of counsel.

No appearance for defendant in error.

Schoonover, J.  The defendant in error commenced this action against the plaintiff in error in the court below to recover damages occasioned by the negligence of the plaintiff in error in setting on fire and destroying certain personal property.

The case was tried to a jury, and a verdict rendered in favor of plaintiff below for three hundred dollars. The defendant below brings the case here for review.

A statute of this State provides :

"That in all actions against any railway company organized or doing business in this state, for damages by fire, caused by operating of said railroad, it shall be only necessary for the plaintiff in said action to establish the fact that said fire complained of was caused by the operating of said railroad, and the amount of his damages, (which proof shall be *prima facie* evidence of negligence on the part of said railroad) : *Provided,* that in estimating the damages under this act, the contributory negligence of the plaintiff

shall be taken into consideration." ¶ 1321, Gen. Stat. 1889.

The allegation of negligence as set forth in the petition of plaintiff is as follows :

" That the said fire escaped from the said engine and was communicated to the said grass on account of the carelessness and negligence of the employees of the said defendant in care of said engine, and also on account of the careless, negligent, and imperfect construction of said engine, and the smokestacks and fire pans belonging thereto."

The only evidence contained in the record in support of this allegation, and the only evidence tending to establish the fact that the fire complained of was caused by the operation of the railroad, is the following testimony of the plaintiff :

" Ques. Did you afterwards go north to see where this fire had come from? Ans. Yes, sir.

" Q. Where did you find the commencement of it? A. On the town site.

" Q. How far from the railroad? A. Well, it might have been sixty or seventy feet ; cannot say.

" Q. It was close to the railroad, was it? A. Yes, sir."

Martha J. McCord was the only witness who claimed to have actually seen the fire start, and the only witness, aside from the plaintiff, who testified in any way as to the origin of the fire. The following is all of her testimony given both on direct and cross-examination :

" Ques. State your name. Ans. Martha J. McCord.

" Q. Where do you live? A. Minneha.

" Q. Did you live there about the third of April last? A. Yes, sir.

" Q. Did you know of a fire about that date getting into the prairie grass and running down across Mr. Ludlum's place? A. Yes, sir.

" Q. What, if anything, do you know about the time that fire commenced? A. It was about three o'clock.

" Q. Did you know of any trains passing along that railway about that time? A. Yes, sir.

" Q. About how long before you discovered the fire did you notice that train passing? A. The train passed at three o'clock or a minute or two after that —just about three o'clock.

" Q. How long after the train passed did you discover the fire? A. It was almost directly afterwards.

" Q. Was the wind blowing that day? A. It was.

" Q. From which direction? A. It was blowing north and northwest.

" Q. Which direction from the track did the fire start? A. South.

" Q. How far was you from where the fire started, that is, approximately? A. A little more than half a block.

" Q. Then you were quite near to it? A. Yes, sir.

" Q. Was anybody about the place where the fire started? A. No, sir, not that I saw.

" Q. At the time you saw the fire start, then, there was nobody there that could put it out? A. No. I started myself, but the wind was too strong.

" Q. Now, is this the same fire that ran on down on Mr. Ludlum? A. Yes, sir.

" Q. What train was that? A. It was the three o'clock express west.

" Q. On the St. Louis & San Francisco railway, was it? A. Yes, sir."

CROSS-EXAMINATION.

" Q. The fire caught south of the road that ran between the railroad? A. South of the wagon track; yes, sir.

" Q. Do you know about how far a hundred feet is? A. Well, I can guess at it.

" Q. You don't know just the distance? Did the fire start about one hundred feet from the track — the railroad track? A. I thought it did, as near as I could tell; yes, sir."

This evidence is sufficient to cast upon the Railroad

Company the burden of showing that the fire was not caused by the carelessness and negligence of its employees in the care of the engine, and that it was not caused by "the careless, negligent and imperfect construction of its engine, and the smokestacks and fire pans belonging thereto," as alleged by plaintiff; but it is *not sufficient* to warrant this court in sustaining a verdict and judgment against the Company when the presumption arising from the escape of fire caused by the operation of the railroad has been fully overcome by uncontradicted, satisfactory evidence.

The uncontradicted evidence introduced by defendant below to show the perfect construction of the engine, the smokestack and fire pan, that all the machinery and appliances were in good condition, and that the servants in charge were at the time exercising due care, is too voluminous for a fair abstract of it to be given in this opinion.

It is clearly proven by satisfactory evidence that at the time the fire in question originated the engine complained of was of an approved construction, was in good condition and handled in a competent, careful and skilful manner.

We have set forth in this opinion all the evidence introduced by plaintiff below as to the origin of the fire and the negligence of the defendant. Further comment is unnecessary. Evidence of a single fire is not sufficient to warrant this court in sustaining a verdict and judgment against a railroad company, where the statutory presumption has been rebutted at every point by uncontradictory and satisfactory testimony.

The judgment of the Court of Common Pleas of Sedgwick County is reversed, and the cause remanded to the District Court of said county with directions to set aside the verdict of the jury and grant a new trial herein.