DOLPH *v.* LAKE SHORE & MICHIGAN SOUTHERN RAIL-
WAY CO.

1. EVIDENCE—FORMER TRIAL—ABSENT WITNESS.
    Where it is shown that a witness who testified at a former
    trial of the case is beyond the jurisdiction of the court, his
    testimony given at the former trial may be read to the jury.

2. TRIAL—ARGUMENT OF COUNSEL—CREDIBILITY OF WITNESSES—
    RAILROAD DEFENDANT.
    In an action against a railroad company for negligent fire,
    arguments of plaintiff's counsel to the effect that defendant's
    witnesses are not to be believed because defendant is a rail-
    road company are prejudicial and warrant setting aside a
    verdict for plaintiff.

3. RAILROADS—FIRES—NEGLIGENCE—UNCONTRADICTED EVIDENCE—
    QUESTION FOR JURY.
    When, in an action against a railroad company for negligent
    fire set by its locomotive, defendant establishes by reputable
    and uncontroverted evidence that its appliances were such as
    good railroading requires, that they were in the condition
    required by law, and properly managed, the statute (section
    6295, 2 Comp. Laws) does not require the question of negli-
    gence to be submitted to the jury, but the question is one of
    law for the court.

Error to Lenawee; Chester, J. Submitted June 8,
1906. (Docket No. 61.) Reargued April 8, 1907. De-
cided July 15, 1907.

Case by Wira H. Dolph against the Lake Shore &
Michigan Southern Railway Company for the negligent
burning of plaintiff's buildings. There was judgment for
plaintiff, and defendant brings error. Reversed.

Plaintiff's house, a small one, situated about 100 feet
from the track of the defendant's road, and woodshed,
situated about 80 feet from the track, were destroyed by
fire. No one was in the occupancy of the house at the
time; neither was any one near when the fire started. The

house had been vacant for about two months.   It was an exceedingly dry time.   The grass along the right of way was dry.   A very strong wind was blowing directly across the track towards the buildings.   The ground was burnt over at one point to within 81 feet of the track. The point at which the fire started and its distance from the track are of course unknown.   The negligence charged in the declaration is "the failure to keep its engines in proper condition and repair so as to prevent the escape of sparks."   In reply to special questions, the jury found that the engine was properly managed, but that it was not in good order.   The case was submitted to the jury, who rendered a verdict for the plaintiff of $750.

*Weaver, Morgan & Priddy* and *Dallas Boudeman,* for appellant.

*Bird & Sampson* and *John A. Riley,* for appellee.

GRANT, J. (*after stating the facts*).   1. One McKenzie was a witness for the defendant on a former trial. He was not called by it upon this trial.   After the defendant had rested its case, plaintiff was permitted to read to the jury the testimony of this witness upon the former trial.   It seems to have been conceded that the witness was beyond the jurisdiction of the court.   If the plaintiff failed to show that the witness was beyond the jurisdiction of the court, it was error to admit the reading of his testimony.   If he had established the fact that the witness was beyond the jurisdiction of the court, then the testimony was admissible under *Hudson* v. *Roos,* 76 Mich. 173, 180.

2. Counsel for the defendant strenuously insist that there is no evidence that the engine was out of repair. They base this insistence upon the testimony of those who examined the smokestack and appliances shortly before and shortly after the fire.   Without detailing the evidence, we are unable to hold that there was no evidence to sustain the verdict.

3. In addressing the jury, plaintiff's counsel said:

"Any one who may have a fire will find some one coming from the railroad company to testify that the engine was in proper repair.   *   *   *   You and I may be in error.   You make mistakes and so do I; but you will not make any if you are a railroad man, and if a request is made to your company to pay some man whose house was burned."

Speaking of a witness for defendant, counsel said:

"But my brother says: 'Here is Mr. Osler, and he comes here, and he isn't interested at all.   He is not working for the Lake Shore now.'   Well, but he was working for the Lake Shore when he swore here upon the other trial.   He tells you he left there in February some time. He is on record.   He can't go back now and change his testimony.   He was just as much under the thumb of the Lake Shore this time as before, because he was already on record in this court."

Again:

"It has been said that juries will find verdicts against the railroad companies simply because they are railroad companies.   *   *   *   If railroad companies have earned that sort of a reputation, who is to blame for it but the railroad company itself?   The treatment that they have given the people has driven to that, if that is the case."

(This last statement does not seem to be referred to in defendant's brief.   We do not therefore treat it as a reversible error, but look at it only to ascertain the spirit with which the former statements were made.)   Here is clearly an appeal to the prejudice of the jury.   They are asked, in effect, to discredit defendant's witnesses because defendant is a railroad company.   It is as if counsel said: "Don't give railroad companies a fair trial, because they are railroad companies."   I think every one will concede the injustice of such arguments.   It is clearly our duty to condemn them, and to protect litigants from their injurious consequences.   That duty compels us to set aside plaintiff's verdict, and to grant a new trial.

4. The principal and most important question presented

upon the record is, Does the statute (2 Comp. Laws, §
6295) require the issue of fact to be submitted to the jury,
where the prima facie case, made by the setting of the
fire, is met by uncontradicted evidence that the en-
gine had the necessary appliances — was in good con-
dition and properly managed? Upon this question
a reargument was ordered, and the court had the benefit
of able arguments and an exhaustive discussion of the
authorities. The learned counsel for the plaintiff insist
that the statute leaves the question to the jury. Legisla-
tures may make, and have made, railroads absolutely
liable for all fires set by their engines. *Campbell* v.
*Railway Co.,* 121 Mo. 340 (25 L. R. A. 175); 2 Thomp-
son on Law of Negligence, § 2341. The making of a prima
facie case by simple proof of the setting of the fire arose
out of the difficulty of a plaintiff to prove the defect, and
from the fact that the construction, condition, and man-
agement of the engines are peculiarly, if not exclusively,
within the knowledge of the company's employés. The
rule is reasonable. The railroad company must show
that its engines are of the kind and in the condition re-
quired by the law. Where witnesses, whose integrity
there is no reason to doubt, testified that they made at the
time personal examination, and that everything was in
good order, and, it being a conceded fact that the best of
engines will sometimes set fire, does the law mean that a
jury, under these circumstances, can ignore such testi-
mony, and base a verdict of "guilty of negligence" upon
the bare fact that the fire was set by the engine? The
statute does not so provide in terms. Its language does
not necessarily imply that the legislature intended to
make the question solely one for the jury. It is a radi-
cal departure from the just rule of the common law that
he who asserts a tort must prove it. The statute pro-
vides:

"That such railroad company shall not be held so liable
if it prove to the satisfaction of *the court* or jury, that
such fire originated from fire by engines whose machin-

ery, smoke-stack or fire-boxes were in good order and properly managed." 2 Comp. Laws, § 6295.

The statute shifts the presumption of nonnegligence to a presumption of negligence. See *Fisk* v. *Railroad Co.*, 114 Mich. 248. We there said:

"The statute does not change the common-law liability for setting fires. It simply shifts the burden of proof upon the defendant to show that such fires were not negligently set."

Counsel for plaintiff cite but one case in Michigan bearing upon the subject. *Hagan* v. *Railroad Co.*, 86 Mich. 615. In that case there was evidence of negligence ample to sustain the verdict of the jury. The court said:

"The jury were entitled to consider, as bearing upon the question of negligence, not only defendant's testimony as to the condition of the locomotive, the competency and skillfulness of the engineer and fireman, and the proper management of the locomotive on that occasion, but also the testimony as to the poking of the fire, its effect upon the emission of sparks, and, in that connection, defendant's testimony that it was unnecessary to poke the fire."

There was also testimony in that case that an engine in good order and properly managed could not possibly throw fire 160 feet from the track. Counsel cite *Hemmi* v. *Railway Co.*, 102 Iowa, 25 (2 Am. Neg. Rep. 128). That case is based upon *Greenfield* v. *Railway Co.*, 83 Iowa, 270. The statute in Iowa provides that the railroad company "shall be liable for all damages by the fire that is set out or caused by operating of any such railway." In terms that statute imposed an absolute liability. The court construed it as not imposing an absolute liability, and held that the liability depends upon the fact of negligence. The court held that the proof of damages raised the presumption of negligence, and that "negligence being presumptively established, has for its support every fact by which it might have been established upon proof." The court then proceeds to show that the evidence on the part of the company did not negative every

possible act of negligence.   The court further said that the construction of this section required a holding of absolute liability for such fires, or such a rule as this as to presumptions.   The difference between the two statutes is apparent.   The case of *Burud* v. *Railway Co.*, 62 Minn. 243, does not sustain the plaintiff's position.   The court in that case expressly say:

"There is no doubt of the correctness of the propositions, urged by defendant's counsel, that the statutory presumption is a disputable one of fact, which may be rebutted by showing that the defendant did use due care and was not negligent; that the effect of the statute is merely to cast the onus or burden on the defendant to prove that it was not negligent; also, that, if the evidence to that effect is conclusive, a verdict for the plaintiff could not be sustained."

We do not think that the statute of Michigan makes an issue of fact that must, under all circumstances, be left to the jury.   When the railroad company has established by reputable and uncontroverted evidence that its appliances were such as good railroading requires, that they were in the condition required by the law, and properly managed, we think the question is one of law for the determination of the court, and not one of fact to be decided by the jury.   Suppose the engine setting fire was new and on its first trip; that its makers testified that it was all the law required; that it was established beyond controversy that it was properly equipped and properly managed, and it was a conceded fact that all properly constructed engines will sometimes emit fire; can it be said that there is any tangible evidence of wrongdoing on the part of the company?   We think not.   The company in such case has completely rebutted the prima facie case which the statute has created, and is entitled to have a verdict directed in its favor.   In *Daly* v. *Railway Co.*, 43 Minn. 319, it was held that the evidence introduced by the defendant was as broad as the presumption, and satisfactorily rebutted any legal inference of negligence.   In *Smith* v. *Railroad Co.*, 3 N. Dak. 17, it was held that

"when the whole case, independently of this artificial presumption, shows that there was no negligence, the presumption cannot be considered for the purpose of making an issue for the jury." In *Menominee River Sash & Door Co.* v. *Railroad Co.*, 91 Wis. 447, it was held that under the statute the presumption "was indulged in merely for the purpose of putting the company to proof, and compelling it to explain and show, with a reasonable and fair degree of certainty, * * * that it had performed its duty in this particular." It was held that the proof overcame any inference arising from the mere fact that sparks and cinders escaped and communicated fire. Without discussing the authorities further, the same holding may be found in *Southern R. Co.* v. *Pace*, 114 Ga. 712; *St. Louis, etc., R. Co.* v. *Ludlum*, 6 Kan. App. 700; *Spaulding* v. *Railway Co.*, 33 Wis. 582; *Kentucky Cent. R. Co.* v. *Talbot*, 78 Ky. 621. The rule is founded in justice and sound reason. See, also, *Ann Arbor R. Co.* v. *Fox*, 34 C. C. A. 497.

I do not deem that the words " to the satisfaction of the court or jury " are of any significance, or tend to show any intention to take a question of law from the court and submit it to the jury. These words are purely expressive of the common-law rule, for in every case the proofs must justify a verdict or a judgment to the satisfaction of the court or jury before which the case is tried. The statute with these words eliminated would mean exactly the same as it does with them in. Under our Constitution and system of jurisprudence the determination of questions of law belongs to the court, and, as a general proposition, the legislature has no power to take that determination away from the judges and transfer it to a jury. The intention of the legislature to take away that power from the judges cannot rest upon presumption, but upon language from which no other intention can be inferred. In every suit at law the plaintiff must by proofs make a case to sustain a verdict and judgment. When the evidence is concluded, the court must determine whether in law

there are facts shown to sustain the plaintiff's claim. If different conclusions can be drawn from conceded facts, or if the facts are in dispute, the question belongs to the jury. I do not discuss the question whether this power exists as to railroad corporations. It is sufficient in this case to hold that no such intention can, in my judgment, be inferred from the terms of the statute.

For want of a better term I have said in this opinion that the setting of the fire makes a prima facie case for plaintiff. This may not be strictly accurate, but names are immaterial. The statute imposes a liability for fires originating in the operation of the road only when the company fails to make the proof of the facts which are a complete defense.

Judgment reversed, and new trial ordered.

McALVAY, C. J., and CARPENTER, BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred. MOORE, J., took no part in the decision.