HEWITT *v.* PERE MARQUETTE RAILROAD CO.

1. PLEADING—TIME—VARIANCE—VIDELICET.
   Generally, allegations of time, place, quantity, quality, and value, when not descriptive of the subject of the action, need not be proved strictly as alleged: whether they are so descriptive is to be determined by the judge in the case before him, and no precise rules can be laid down according to which it can be in all cases determined.

2. RAILROADS—FIRES—NEGLIGENCE IN SETTING FIRES—STATUTES
   —CINDER GUARDS—VARIANCE.

Under 2 Comp. Laws, § 6295, it is necessary to aver and prove
as alleged the date when plaintiff claims defendant's locomo-
tive set fire to plaintiff's property, in order that defendant
may be advised what locomotive was claimed to be out of
order; a fatal variance occurred in an action based on the
statute where plaintiff's declaration alleged that the fire
occurred on, to wit, the 15th day of July, 1906, but no wit-
ness was able to fix the date further than to say that the fire
occurred during July.[1]

3. SAME.

Evidence that a fire which destroyed plaintiff's property origi-
nated on defendant's right of way, that the wind was blow-
ing from the railway towards plaintiff's premises, that fires
had sometimes been set by defendant's locomotives, without
any testimony tending to prove that it was set by any speci-
fied engine, or that a train passed shortly before the fire was
discovered, or that the right of way was in condition to cause
a fire, besides the fact that the grass was dry, was not suffi-
cient to raise an issue for the jury.

Error to Kalkaska; Lamb, J. Submitted April 12,
1912. (Docket No. 23.) Decided July 11, 1912.

Case by William C. Hewitt against the Pere Marquette
Railroad Company for negligent destruction of plaintiff's
property by fire. Judgment for plaintiff, defendant
brings error. Reversed.

*Bills, Streeter, Parker & Shields* (*Seward L. Mer-
riam* and *Covell & Cross*, of counsel), for appellant.

*Wayne Simmons* (*Ernest C. Smith*, of counsel), for
appellee.

OSTRANDER, J. The action is trespass on the case.
The case made by the declaration, which was filed April
26, 1911, is that defendant, a common carrier railroad

[1] Liability of railroad for setting fires which spread to the prop-
erty of others, see note in 21 L. R. A. 262.

Constitutionality of statute imposing absolute liability, see note
in 25 L. R. A. 161.

company, negligently set a fire on, to wit, July 15, 1906,
and on, to wit, July 8, 1909, on its right of way, which
fires spread to the premises of plaintiff and destroyed his
property. The declaration is inartificial, appears to have
been intended to contain two counts, and in its conclusion
is grounded upon 2 Comp. Laws, § 6295. Defendant
pleaded the general issue, produced no testimony at the
trial, preferred a request that the court direct a verdict in
its favor and because of the refusal to give the said direc-
tion, and because of various other rulings of the court,
and alleged improper conduct of counsel for plaintiff,
seeks to reverse a judgment for plaintiff entered upon the
verdict returned by the jury. The record contains the
substance of all the testimony given upon the trial. As
developed at the trial, it is plaintiff's theory that both
fires were set by defendant's locomotives upon the right
of way, escaping therefrom to the adjoining land of the
plaintiff. The date of the fire in 1909 is fixed by a wit-
ness as July 8th. The fire of 1906 occurred some time in
the month of July; no witness being able to more cer-
tainly fix the date.

The point was made upon the trial and is the subject of
the first assignment of error relied upon in the brief, that
the time of the fire is material and must be strictly proved,
even though it is alleged under a videlicet. Generally
allegations of time, place, quantity, quality, and value,
when not descriptive of the identity of the subject of the
action, will be found immaterial and need not be proved
strictly as alleged. Whether they are descriptive is to be
determined by the judge in the case before him, and no
precise rules can be laid down according to which it can
be in all cases determined. Much depends upon particular
circumstances, the nature of the averment itself, and the
subject to which it is applied. 1 Greenleaf on Evidence
(15th Ed.), § 56 *et seq.*

In the case at bar, it is alleged in the declaration that it
was the duty of the defendant to use due and proper care
to provide safe engines, with safe and proper machinery,

smokestacks, fire boxes, and spark arresters, so that fire
should not be communicated from the engine and smoke-
stack to plaintiff's property, to at all times see that the en-
gines and machinery were in good condition, and that they
were properly managed, and that all reasonable precautions
should be taken at all times to prevent the escape there-
from of any sparks, to keep its right of way clean and free
from dry grass and other combustible material. It is al-
leged that defendant was negligent in the performance of
these duties, and, at the times and places mentioned, ut-
terly failed in the performance of these duties. A circum-
stance to be considered is that any locomotive is liable to
set a fire (*Dolph* v. *Railway Co.*, 149 Mich. 283 [ 112 N.
W. 981]), and that this fact is recognized in the statute
which provides that the company shall not be liable in
such cases if it proves to the satisfaction of the court and
jury that such fire originated from fire by engines whose
machinery, smokestack, or fire boxes were in good order
and properly managed. It requires no argument to show
that in such a case as the one at bar, if the date of the fire
can be alleged under a videlicet and proved to have occur-
red before the beginning of suit and at any time within the
period of the statute of limitations, the defendant will be
denied the knowledge necessary to enable it to prepare its
defense and the benefit of the statute. If we may not
take judicial notice of the fact that the defendant, in the
operation of its road at the place in question, employs
many agents and locomotives, the declaration and the
testimony supply the necessary data. One of several
locomotives, operated by one of several enginemen upon
one of the many occasions when the train passed over the
road, set the particular fire, if it was set by the defendant.
I am of opinion that the time of the negligent action as-
serted is so far material and descriptive of the negligence
relied upon by plaintiff that it should be proved as al-
leged. *Eastman* v. *Bodfish*, Fed. Cas. No. 4,255. As
to the fire of 1906, there was therefore a variance of proof
from allegation which prevented a recovery.

It is contended that the origin of the fire of 1909 was not proven. The point was raised by objection to proof of damages until the origin of the fire was fixed, and by the motion to direct a verdict for defendant. There is testimony tending to prove that the fire originated in the right of way, spreading to the land of plaintiff; that the wind was in a proper direction to carry fire from the right of way to the land of plaintiff. There is testimony tending to prove that the grass was dry on the right of way. Beyond this there is no testimony concerning the condition of the right of way, and no proof that a train passed over the road shortly before the fire was discovered, which was about noon on July 8th. It appears from the argument made to the jury by the attorney for the plaintiff, a portion of which is contained in the record, that he asserted that both fires were caused by the 11 o'clock passenger train going up the grade passing the plaintiff's farm. There is no testimony tending to prove that in 1909 there was such a train running. The testimony falls far short of that presented in *Jones* v. *Railroad Co.*, 59 Mich. 437 (26 N. W. 662), and in *Clark* v. *Railway Co.*, 149 Mich. 400 (112 N. W. 1121, 12 Am. & Eng. Ann. Cas. 559), where it was held that the trial court properly left the question of the origin of the fire to the jury. That the fire might have been set by a locomotive is undoubtedly true. But if the testimony tends to prove no more, it is not sufficient. *Clark* v. *Railway Co.*, *supra.* It might have been set in various ways. In the language of the statute, defendant is liable for damages caused by fire originating from such railroad, either from engines passing over said road, fires set by the company employés by order of the officers of the road, or otherwise, originating in the constructing or operating of the road.

In the case at bar, as in *Osborne* v. *Railway Co.*, 111 Mich. 15 (69 N. W. 86), some of the jury seem to have been troubled concerning the proof of the origin of the fire. This inference is drawn from the question asked by one of the jurors when they returned into court for fur-

ther instructions, after they had been instructed that, if they could not say from the testimony in the case that the fire was set by the defendant company, then it would be their duty to return a verdict for defendant. Unless the mere fact that fire originating upon the right of way of the railroad company, coupled with the fact that fires had sometimes been set by locomotive engines, is evidence that it was set by engines of the company, there was no evidence of the origin of the fire of 1909. The jury should have been told that the testimony upon the subject was insufficient. Other alleged errors are not considered.

The judgment is reversed, and a new trial granted.

MOORE, C. J., and STEERE, McALVAY, BROOKE, and STONE, JJ., concurred. BLAIR and BIRD, JJ., did not sit.