# ANDREW FARRELL v. MINNEAPOLIS & RAINY RIVER RAILWAY COMPANY.[1]

May 16, 1913.

Nos. 17,895—(65).

**Fire — negligence of defendant — evidence.**

Two independent fires joined and together proceeded to plaintiff's land and destroyed standing timber. *Held:*

(1) The evidence was sufficient to sustain a verdict that one of the fires was started by a locomotive engine of defendant.

(2) Though the other fire was not started by a locomotive of defendant, the evidence is sufficient to show that this fire had been burning for several days on and along defendant's right of way, that defendant knew this and knew or ought to have known that it was likely to spread to plaintiff's land and to destroy his timber, if ordinary care was not taken to prevent it.

(3) Under such circumstances, defendant owed plaintiff the duty of using ordinary care to prevent the destruction of his timber by the fire, and the evidence justifies the finding of the jury that defendant was negligent in this respect.

(4) Having started the first fire, and by its negligence allowed the other fire to spread and join it, defendant is liable for the damage caused by the fires after they joined.

(5) There was no error in the instructions to the jury or in the rulings on the admission of evidence.

(6) The damages are not excessive.

Action in the district court for Itasca county to recover $4,000 for damage caused by fire set by defendant's locomotive. The facts are stated in the opinion. The case was tried before Dibell, J., who,

[1] Reported in 141 N. W. 491.

Note.—As to the liability of a railroad for setting fires which spread to property of others, see note in 21 L.R.A. 262.

Upon the presumption as to negligence in case of railway fires, see note in 15 L.R.A. 40. And on the question of the effect of presumption from fact that fire was set by locomotive to carry question of negligence to jury, see note in 5 L.R.A.(N.S.) 99.

at the close of plaintiff's case, denied defendant's motion to dismiss the action, and, when defendant rested, denied its motion for a directed verdict, and a jury which returned a verdict of $1,800 in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied, if plaintiff consented to a reduction of the verdict to $1,300. The consent was given. From the order denying defendant's motion for judgment notwithstanding the verdict or for a new trial and ordering a judgment in favor of plaintiff for the sum of $1,300, it appealed. Affirmed.

*Powell & Simpson* and *Ernest C. Carman,* for appellant.

*George H. Spear* and *Kingman & Wallace,* for respondent.

BUNN, J.

This action was to recover damages to standing timber of plaintiff caused by fire alleged to have been started by a locomotive of defendant. The complaint also alleged that defendant negligently allowed inflammable materials to accumulate on its right of way and negligently failed to control or extinguish fires on such right of way, and permitted them to escape and spread to plaintiff's land. The answer was in substance a general denial, and alleged that a general forest fire was the cause of the destruction of plaintiff's trees.

The trial resulted in a verdict for plaintiff in the sum of $1,800. Defendant moved for judgment notwithstanding the verdict or for a new trial. The motion for judgment was denied, and the motion for a new trial denied on condition that plaintiff consent to a reduction of the verdict to $1,300. Plaintiff consented to this reduction. Defendant appealed from the order.

It is claimed generally by defendant that the trial court should have ordered judgment notwithstanding the verdict, or at least have granted a new trial. Defendant offered no testimony at the trial, and the case stands on the evidence introduced by plaintiff.

The land of plaintiff over which the fire spread which destroyed his timber was 160 acres located half a mile north from defendant's right of way at a point where the evidence showed a fire started. This fire was first noticed on the right of way some ten minutes

after one of defendant's trains had passed the point, and it rapidly spread over the dry swamp between the right of way and plaintiff's land. Before it reached this land it was joined by another fire which had been burning on and near the right of way some distance to the west. After the two fires joined, they passed to plaintiff's land and destroyed his timber.

1. As to the first fire, we hold, as did the trial court, that the evidence was sufficient to justify the conclusion that it was set by the locomotive that had just passed. The locality was uninhabited, the fire was discovered in the dry grass on and adjacent to the right of way almost immediately after the train passed, and other causes were fairly negatived. The suggestion that the whole country was ablaze with forest fires, and that this fire came as a part of a general conflagration does not find support in the evidence, which does not show any other fire in the vicinity at the time except the one to the west before mentioned.

2. As to the last-named fire, the one burning some distance west, which joined the first fire, the trial court held that the evidence was not sufficient to warrant submitting to the jury the question whether it was started by one of defendant's locomotives. The defendant's principal claim on this appeal is that it is not liable in this case because it was not responsible for this fire. The doctrine of Cook v. Minneapolis, 98 Wis. 624, 74 N. W. 561, 40 L.R.A. 457, 67 Am. St. 830, is invoked. In that case two fires, one caused by the negligence of defendant, the other having no responsible origin, met and after joining passed to the property of the plaintiff and destroyed it. It was held that though either fire, without the other, would have destroyed the property, plaintiff could not recover. The Cook case has been followed in subsequent Wisconsin cases, and its doctrine has met approval elsewhere. The trial court followed the rule of the Cook case in the case at bar, but permitted a recovery because of evidence tending to show that the second fire was allowed to spread so as to join the first fire, through negligence of defendant.

We do not here express approval or disapproval of the doctrine of the Wisconsin court as announced in the Cook case and followed in subsequent decisions, because we are of the opinion that the

recovery can fairly be sustained on the theory of the trial court. There may also be a distinction predicated upon the fact that our statute imposes an absolute liability for damages caused by a fire started by a locomotive, but it is not necessary to make even this distinction.

It needs no argument to prove that defendant would be liable if it caused both fires, and it seems equally certain that if it started one of the fires, and by negligence failed to extinguish the other and allowed it to escape from its control and join the fire that it started, it is liable for the damages caused by the two fires after they have joined.

Does the evidence justify a finding of negligence in failing to put out the fire burning on its right of way or preventing its spread? The evidence was that this fire at the point called Summit had been burning on and near the right of way for several days. Plaintiff, with assistance, had dug a trench and successfully prevented its reaching his land from the west, but it burned on and along the right of way in the debris and combustible material until it reached the swamp south of plaintiff's land, where it joined the fire started by the locomotive. Defendant's superintendent was over the line nearly every day, and while he did not remember seeing this fire, he did not deny it, and the evidence is quite persuasive that he must have observed it on and along the right of way and approaching the point where it was a menace to plaintiff's timber land. It was admitted that trainmen had instructions to report all fires met with, and that two logging trains passed over the line each day. On the day before plaintiff's property was destroyed, plaintiff followed the fire line along the right of way east from the point called Summit or Summit Hill and toward the swamp south of his land. He testified that there was fire on and along the right of way up to a point some distance west of the swamp; that near the Summit Hill there was a large tree across the track and fire burning on both sides, that a logging train of defendant came from the east and stopped while the tree was cut out; that defendant's superintendent was on the train, and promised plaintiff, in answer to his request, help in fighting the fire. Plaintiff then went on toward the east and dis-

covered the fire on the right of way which we have held the evidence justified the conclusion that the engine of the logging train had started. It is practically uncontradicted that the Summit fire had been burning to the west for several days, on and near the right of way, that it was extremely dry, and that the right of way and adjacent lands were covered with grass and bushes. Though plaintiff, with such assistance as he could obtain, was using every effort to prevent the spread of this fire, defendant seems to have done nothing to that end. If it owed the legal duty to use ordinary care to put out or keep under control fires on its right of way, known to exist and to be dangerous if allowed to spread, that there was a breach of this duty resulting in damages to plaintiff, the evidence fairly tends to show.

3. Was there a legal duty resting on defendant to use reasonable care to prevent the spread of this fire? We think there was. This is not holding that a railroad company must make its right of way a barrier to prevent the spread of fires for the starting of which it is not responsible, nor does a decision that such a duty rested on defendant establish any new doctrine. It is an application of the old rule of "sic utere tuo." If a fire is started on the right of way of a railroad, or on land of a private owner by the carelessness of boys, the matches of smokers, or from any cause for which the landowner is not responsible, and the latter knows of the fire and knows that if not controlled it will spread and destroy valuable property of his neighbor, there is a duty to use reasonable care to prevent this result. This may not always have been the law, but it is now generally recognized that each member of society owes a legal duty, as well as a moral obligation, to his fellows. He must so use his own property as not to injure that of others. The doctrine is nowhere better illustrated than in the case of Depue v. Flatau, 100 Minn. 299, 111 N. W. 1, 8 L.R.A.(N.S.) 485, and the following extract from the opinion in that case states the principle clearly:

"Whenever a person is placed in such a position with regard to another, that it is obvious that if he does not use due care in his own conduct he will cause injury to that person, the duty at once arises to exercise care commensurate with the situation in which he

thus finds himself, to avoid such injury; and a negligent failure to perform that duty renders him liable in damages."

Many of the situations to which the principle is applicable are re-ferred to in the opinion, as well as in the cases there cited, including the valuable note to Union Pacific Ry. Co. v. Cappier, 69 L.R.A. 513.

We see no reason why the rule is not applicable to the situation in the case at bar. Defendant knew the fire was burning and spreading along its right of way, and ought to have known that if unchecked it would spread to the dry marsh adjacent to plaintiff's timber land. Suppose plaintiff himself had been asleep with the fire spreading towards him! Clearly, under Depue v. Flatau, there would be a legal duty to use reasonable care, as well as a moral duty. The principle is the same when the danger is to property instead of to the person. It may be noted that the trainmen were required by defendant to promptly report any fires on the right of way, and that the statute imposes such a duty. We do not, however, place our decision on the statute. We have examined the authorities cited by defendant, and find that they do not decide anything that is in conflict with this view. In Osborne v. Chicago, 111 Mich. 15, 69 N. W. 86, the decision is simply that a recovery cannot be predicated upon the failure to remove dry grass and leaves from the right of way. We do not base the liability in this case on defendant's failure to keep its right of way clean, but on its failure to take some steps to put out or prevent the spread of a fire that it knew was burning on its right of way. The same consideration distinguishes the other cases cited, and also makes it unnecessary to consider or decide the constitutionality or applicability of section 2037, as amended by Laws 1909, c. 182. [R. L. Supp. 1909, § 2037].

4. We hold that the evidence sufficiently established the fact that defendant was negligent in respect to the fire at Summit, as well as the fact that it started the other fire, and therefore that the doctrine of the Cook case, conceding it to be sound, does not prevent a recovery of damages caused by the two fires after they joined.

5. In view of this holding, it is apparent that the assignments of error as to the court's instructions need no particular discussion. They submitted the question of negligence with respect to the Sum-

mit fire in accordance with the views expressed in this opinion. The fault found with these instructions is mainly that they were based on a fundamentally erroneous theory, and without evidence to support them. We have held that the theory was right and that the evidence warranted its application to the case. The criticism that the instructions were obscure and misleading is not justified, especially in view of the failure of defendant to request any clearer or fuller instructions.

We discover no ground for reversal in the assignment of error relating to an alleged variance between the pleading and the proof. There seems no probability that defendant was misled or prejudiced.

There was no error in permitting the witness McDonald to testify as to the value of the timber. The decision that he was competent was not so manifestly against the weight of the evidence as to make the ruling an abuse of discretion. The other claims of error in rulings on objections to evidence have been examined and are found without merit.

6. It is claimed that the damages are so excessive as to indicate passion or prejudice. We cannot so hold. The verdict as reduced by the trial court is fairly sustained by the evidence as to the amount of the loss suffered by plaintiff.

Order affirmed.