MORRIS WARNER *v.* CYRUS H. HOISINGTON.

*Landlord and Tenant. Trespass. Pleading. New Assignment.*

A naked right to enter upon a field to raise a single crop upon shares, the owner remaining in general possession of the farm, does not amount to a lease of the land.

After the crop is harvested and the land owner's share is, pursuant to the contract, set apart in a particular portion of the field where he is to take it, the authority of the party who raises the crop to enter upon that portion of the field ceases. The authority to enter upon land to raise a single crop is one which should be pleaded specially in an action of trespass.

A party may have authority to enter upon one portion of a field, and still be liable in trespass for entering upon another portion of the same field.

Though a special plea which justifies the entry is technically sufficient in an action of trespass *q. c. f.*, the plaintiff may new assign and rely on the removal of personal property which is alleged in the declaration by way of aggravation.

If the defendant fails to plead specially and relies on special matter which justifies the entry but not the conversion of the personal property, the plaintiff may recover for the trespass to personalty which is alleged in his declaration, precisely as he would if the defendant by pleading specially had given the plaintiff an opportunity to new assign, and the plaintiff had availed himself of the opportunity.

TRESPASS *quare clausum fregit.* Plea, not guilty. Trial by jury, May term, 1868, BARRETT, J., presiding.

The evidence showed that the defendant and Daniel Rogers, in the year 1867, took a field of the plaintiff to plant to corn, and cultivate, and harvest on shares, the plaintiff to have one half, the other half to belong to the defendant and Rogers ; that the corn was to be cut up by the defendant and Rogers, certain alternate and equal rows of it to be stooked together and to be the plaintiff's

share; the other rows stooked together to be the share of the defendant and Rogers; and such stooking was to constitute the division between the parties, and the plaintiff was to take his share in the field thus stooked. After being thus stooked, the defendant and Rogers were to have nothing further to do with the plaintiff's share.

In the fall the corn was thus cut, and stooked, and divided. After it was thus divided, the defendant took and carried away, from a certain portion of said field, all the plaintiff's share of said corn thus stooked, set apart, and divided, as well as the share that was set apart for himself, claiming to own the whole, on the score of a claim he set up to be the owner of the land on which it grew; which last claim he failed to maintain and establish.

The defendant requested the court to hold and charge that if they thus found the facts, the plaintiff was not entitled to maintain this action.

The court declined so to do, and charged that if they should so find, the plaintiff was entitled to maintain the action and recover for so much corn as was thus divided and set apart for the plaintiff, as his share, that the defendant took and carried away.

The jury found for the plaintiff, and returned a verdict accordingly.

The defendant excepted to the ruling and charge of the court.

The following is the declaration:

" In a plea of trespass, for that on the 14th day of October, 1867, at said Hartland, the said defendant, with force and arms, broke and entered the plaintiff's enclosure there situated, and then and there, with force and arms, took and carried away thirty bushels of ears of corn, of the value of eighteen dollars, and converted the same to his own use, and other wrongs and encroachments then and there did against the peace and dignity," etc.

*J. B. Farnsworth*, for the defendant.

The question is, can *quare clausum* be sustained for this corn, under the circumstances? The breaking and entering are the gravamen of this charge. The carrying away the corn is merely incidental or consequential. 15 Vt., 119.

Trespass is an injury to the possessor, and no one can maintain this action who is not in exclusive possession. 1 Chit. Pl., 200, 204; *Ripley* v. *Yale*, 16 Vt., 257; 12 John., 183; 19 Vt., 517.

By this contract, the defendant, for the time being, became as absolutely and exclusively possessed of this field as though he had a deed of it, and was the sole owner. *Goodrich* v. *Hathaway*, 1 Vt., 485; *Yale* v. *Seeley*, 15 Vt., 221.

The defendant entered upon the land to take his own corn. This he had a right to do. This was the only entry there was, and could be no trespass upon the freehold.

If the plaintiff had taken from the field the defendant's corn, he would have been liable to the defendant in trespass *quare clausum*. Can each be liable to the other in trespass *quare clausum* for entering the same field at the same time?

The defendant, having lawfully entered, can not be liable as a trespasser *ab initio*. It was made lawful by the agreement of the plaintiff. *Six Carpenters' Case*, 8 Coke, 146; *Van Brunt* v. *Schenck*, 13 John., 413; *Allen* v. *Crofoot*, 5 Wend., 506.

*S. E. & S. M. Pingree*, for the plaintiff.

The description of the *locus in quo* is sufficient. *Rice* v. *Hathaway*, Brayton, 231; 1 Swift's Dig., side page, 652.

By the act of letting the raising of the crop by the plaintiff, and the taking of the same by the defendant and Rogers, the possession of the premises are conceded in the plaintiff.

No tenancy, in common or otherwise, of the premises, ever existed between the parties. *Bishop* v. *Doty*, 1 Vt., 40.

If a tenancy of the premises ever existed between the parties, (which we deny,) it ceased the moment the stooks of corn were divided and set out as stated in the exceptions; that division was operative as a legal severance of all interest the defendant had in the premises, as well as in those stooks designated as the plaintiff's. *Hurd* v. *Darling*, 14 Vt., 220; *Bishop* v. *Doty*, 1 Vt., 40.

The opinion of the court was delivered by

STEELE, J. The defendant acquired, by his contract with the plaintiff, only a naked right to enter upon the plaintiff's field for

the purpose of raising and harvesting a single crop upon shares. This does not amount to a lease of the land. *Bishop* v. *Doty*, 1 Vt., 40. It did not divest the plaintiff of the legal possession of the field any more than would a contract to permit the defendant to enter upon the field and dig and remove stone, or cut and draw away wood or timber. The relation of landlord and tenant is not created. The defendant does not obtain an estate in the land, but does acquire a right and authority to enter upon it for the purposes of carrying out his contract. By the terms of this contract, the plaintiff's share of the corn was to be severed from the defendant's, in the field, and stooked by itself; and after it was thus stooked, the defendant was to have nothing more to do with it, the plaintiff taking it in the field. This having been done, the defendant's authority to enter upon that portion of the field, in which he had put the plaintiff's corn, ceased, because all his duties under the contract as to that portion had been executed.

The case finds that "after it was thus divided, the defendant took and carried away from a certain portion of said field all the plaintiff's share of said corn, thus stooked, set apart and divided." If we are correct in understanding from the exceptions that the plaintiff's corn was thus stooked together in one portion of the field, and the defendant's stooked together in another, the defendant's entry upon that portion of the field set apart to the plaintiff was unlawful, and such a breach of the close as would warrant the action of trespass *quare clausum fregit*. It is not necessary for the plaintiff to show that the defendant was a trespasser, in crossing the frontier line which bounded his territory. He might have authority to enter the plaintiff's door yard, and yet be a trespasser in entering his house. This might be so even if it was a case of authority in fact, as distinguished from authority in law, so that abuse of the authority would not constitute him a trespasser *ab initio*. So, too, he might have authority to enter upon one part of a field and be a trespasser in entering upon another part of the same field.

II. But even conceding that the plaintiff's corn was not stooked in a separate part of the field, and that he was guilty of no unlawful entry, the plaintiff was still entitled to recover.

The declaration alleges not only a breach of the plaintiff's close, but also that the defendant then and there "took and carried away thirty bushels of ears of corn, of the value of eighteen dollars, and converted the same to his own use." Had the defendant pleaded in justification, as he was bound to do, to be entitled to avail himself of such a right to enter upon the land as he now relies on, his plea would have been sufficient, if it justified the entry, even though it did not profess to answer or justify the trespass in removing the corn. For, technically, the removal of the corn is but matter of aggravation, and the breach of the close the gist of the action. But the plaintiff would still have been at liberty to new assign and rely on the trespass in taking the corn as a distinct cause of action, and abandon his claim for the entry. *Hubbell* v. *Wheeler*, 2 Aiken, 359; *Grout* v. *Knapp*, 40 Vt., 163; Gould's Pl., § 110, p. 366. It is said by Gould that any plea which makes a new assignment necessary is an " evasive plea," apparently or technically, but not really, avoiding the whole gravamen of the complaint. The new assignment does not substitute a new cause of action, but merely states the original one with more particularity, or assigns as a substantive ground of damages what the declaration has alleged only as aggravation. Gould's Pl., 457; Stephens's Pl., 227, 228. The purpose of the rule of pleading, which allows the defendant to thus plead evasively, is to enable him to compel the plaintiff to state with distinctness for what he claims to recover. 1 Chit., Pl., 660. The defendant having failed to so plead, and relying, under the general issue, upon facts he was bound to plead specially, can not now complain if the plaintiff recovers for the trespass he has distinctly alleged in his declaration, and which he might have new assigned had the defendant pleaded the special matter upon which his defence now rests, as he was bound to do.

The judgment of the county court is affirmed.