FISK v. WABASH RAILROAD CO.

RAILROAD COMPANIES—DAMAGE BY FIRE—STATUTORY DEFENSES— TITLE TO LANDS—COSTS.

> The fact that a railroad company, when sued in the circuit court for negligently setting fire to land, attempts to establish the statutory defense that its engines were properly managed, its fire-boxes, machinery, and smokestacks in good condition, and that it was therefore not responsible for the fire, does not bring the title to the land in question, so as to entitle plaintiff to costs under subdivision 2, § 8964, 2 How. Stat., where the amount recovered by him is less than $100.

Error to Lenawee; Lane, J.  Submitted June 9, 1897. Decided September 14, 1897.

Case by Daniel Fisk against the Wabash Railroad Company for the negligent burning of property adjacent to its right of way.  From a judgment for plaintiff, with costs to defendant, plaintiff brings error.  Affirmed.

*J. C. Winne*, for appellant.

*Watts, Bean & Smith*, for appellee.

LONG, C. J.  Action commenced in the Lenawee circuit court in trespass on the case for damages:

| | |
|---|---:|
| In setting fire to and burning 100 rods of fence on plaintiff's land | $100 |
| Burning certain of the soil on six-acre parcel | 150 |
| 20 days' labor in extinguishing fire | 25 |
| Burning and destroying portions of land and meadow | 25 |
| | $300 |

The declaration sets out that plaintiff is the owner of certain lands, described therein as containing 100 acres; that defendant's right of way for its road 100 feet wide extends across it; that a fire was set on said right of way by the employés of the defendant, which spread and ran over the land of the plaintiff; and also that fire was set on plaintiff's land by sparks and cinders from defendant's engines, then passing over said right of way, etc., causing the damages for which suit is brought.  The plea was the general issue.  Plaintiff had judgment for $86.  The court below gave costs in favor of the defendant.  Plaintiff brings error, claiming that the costs should have been awarded in his favor.

This is the only question involved here.  There is no claim made by counsel for plaintiff in his brief that the title to the premises was put in issue by the pleadings.  The only contention is that the title came in question on the trial.  The record is very short, and states:

"Plaintiff introduced evidence tending to support the allegations of his declaration, and show that fire was set by defendant's engines, and destroyed his fence and land, and that he suffered damages thereby, as his witnesses estimated the same, from $125 to $150.  The defendant introduced evidence tending to show that it was not responsible for the fire; that its engines were properly managed; that the fire-boxes, machinery, and smokestack of its engines and parts were in good condition; and that the damages plaintiff had suffered ranged from $25 to $50.

The jury, after considering the evidence, found a verdict in favor of the plaintiff, and assessed his damages at $86. The court held that, under the circumstances, the judgment did not carry costs to plaintiff, and awarded costs to defendant."

This is the whole record.

Subdivision 2, § 8964, 2 How. Stat., provides that the plaintiff shall recover costs—

"In all actions to which the title of lands or tenements, or right of way, or right by prescription or otherwise to any easement in any land, or to overflow the same, or to do any other injury thereto, shall have been put in issue by the pleadings, or shall have come in question on the trial of the cause."

Upon the record presented here, we do not see how it can be claimed that the title to the land described in the declaration came in question on the trial. All the record shows is that the defendant made the defense which the statute (section 3378, 1 How. Stat.) permits railroad companies to make in defense of such actions. The statute does not change the common-law liability for setting fires. It simply shifts the burden of proof upon the defendant to show that such fires were not negligently set. The only claim made by the defendant, so far as this record shows, was that it was using its own land in a lawful way, and was in the exercise of due care. It was not contending that it had any interest in the plaintiff's land. We think the court very properly awarded costs to the defendant.

The judgment must be affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. HOOKER, J., did not sit.