AINSWORTH *v.* HOVER.

1. NEGLIGENCE — EVIDENCE — SUBSEQUENT ACCIDENTS — FIRES— TRACTION ENGINE.
   In an action for damages for negligently driving a traction engine on the highway in dry, windy weather, without a sufficient spark arrester, testimony that the engine set another fire on the same morning under similar weather conditions, although it appeared that a different fuel was in use and the drafts were differently arranged, was competent.

2. SAME—NEGLIGENCE—HIGHWAYS.
   No error was committed in receiving evidence of a fire set on the following day by the same engine under similar conditions of weather.

3. SAME—PRECAUTIONS AFTER ACCIDENT—SPARK ARRESTER.
   It was competent to show that the engineer subsequently, on the same day, took the spark arrester from a barrel on the water tank of the engine and used a screen which was offered to him by a witness, because it was finer than the one belonging to the engine, since the evidence has some tendency to show, not that repairs were made, but that no spark arrester was in use at the time of the fire.

4. SAME—PROXIMATE CAUSE—BURDEN OF PROOF.

Instructions to the jury referring to evidence that plaintiff
was in the habit of smoking about the place of the fire, charg-
ing that if they found it more probable that the fire was
thereby caused, plaintiff could not recover, but that they
must find, as a matter of fact, the inference that the fire
originated in that way, when read in connection with in-
structions that plaintiff had the burden of proof, are not
open to the objection that they impose the burden of proof
on the defendant.

Error to Tuscola; Beach, J.   Submitted April 14, 1910.
(Docket No. 105.)   Decided July 14, 1910.

Case by Edwin O. Ainsworth against Edwin Hover for
negligently setting fire to plaintiff's property.   A judg-
ment for plaintiff is reviewed by defendant on writ of
error.   Affirmed.

*Seth Q. Pulver* (*Brooker & Corkins*, of counsel), for
appellant.

*Brennan & Cook*, for appellee.

McALVAY, J.   Plaintiff recovered a judgment against
defendant for the loss of certain personal property con-
tained in a rented barn caused by fire, which was claimed
to have been brought about by defendant's negligence in
carelessly propelling a steam traction engine along the
highway in close proximity to this barn, during a high
wind blowing towards the barn.

The negligence relied on consisted in driving the engine
along the highway under the conditions mentioned with-
out having it equipped with a spark arrester, or a proper
spark arrester, and that the engine was broken in certain
parts which increased the draft.   No question is raised as
to the sufficiency of the declaration.

The errors relied upon by appellant who, upon writ of
error, brings the case here for review, may be grouped to-
gether and stated as:

(a)  Those committed by the court relative to evidence.
(b)  In refusing to give certain requests to charge.
(c)  In charging the jury.

The fire which caused the damage claimed was discovered immediately after the passage of defendant's engine by the barn; it having caught on the south side next to the highway, near which it was located, in the stable litter which had been thrown out, and which was very dry. The defendant and his helper saw the fire before they had driven the engine more than 20 rods from the barn.

Testimony was admitted relative to subsequent fires claimed to have been set that morning by this engine after it passed the barn above mentioned.  Defendant was at the time taking the engine, with tank attached, from his farm to that of a Mr. Brady, who met the engine on the road after the fire, and rode home on it.  The man in charge of the engine and Mr. Brady both testified that while on the way a fire was set to a post in the fence along the road.  Such testimony was admitted over defendant's objection and exception; defendant claiming that subsequent fires must be shown to have been set under similar conditions as existed at the time of the first fire.  The difference in conditions claimed was that at the time this fire in the fence was set, dry wood and broken rails were used as fuel and the dampers were open, and when the engine passed the barn green wood was used and dampers were closed.  We think this testimony was admissible.  The same engine, immediately following the first fire, on the same trip, under the same weather conditions, set another fire.  The fuel and the drafts were not the same, but the evidence of the escape of sparks was material as bearing upon the fact as to whether there was any spark arrester on the stack, or one that was suitable.

The witness Russell was allowed to testify concerning another fire set by this engine on the following day, when it was moved from Brady's to another farm, under similar weather conditions.  The fuel was the same as used when

the first fire occurred after the barn burned. Another witness testified to this last fire, and as to putting out fire as he went back along the road over which the engine had just traveled after leaving Brady's. The witness who had put some screening over the stack at Brady's testified that at that time there was no spark arrester in it, and that he took the screen off after leaving that farm. While it does appear that dry pine and old rails will give off more sparks, and that the opening of dampers gives greater draught, these are matters of common knowledge, and show a greater facility for setting fires in a windy, dry time. The testimony was, however, admissible, as was the testimony relative to the first fire subsequent to the burning of the barn, as tending to show whether there was any spark arrester, or a suitable one, on this engine. The record shows testimony giving a complete history of this engine while it was on the highway, from the time it passed the barn which was burned, until it arrived at the Cobine farm beyond Brady's on the afternoon of the next day, which testimony tended to show that the engine was, during all that time, practically in the same condition as when the particular fire which destroyed plaintiff's property occurred. *Hoyt* v. *Jeffers*, 30 Mich. 181. Our conclusion upon the materiality of this class of testimony disposes of other errors claimed to have been committed by the court in refusing to strike out all such testimony.

Appellant contends that the court erred in admitting testimony as to what was claimed to have been repairs made to this engine by defendant subsequent to the fire, to show. negligence at the time of or previous to the fire, and in refusing to strike it out. The record shows that this testimony was not offered by plaintiff, or received by the court for the purpose claimed. This question first arose when witness Brady was testifying. Soon after the barn burned the engine was met by Brady on the road to his farm, and he was asked what was done about searching for a spark arrester. This was objected to on the

ground that proof of subsequent repairs is inadmissible to show negligence preceding it.    The court said:

"I think it may be answered on the general question of whether there was a spark arrester."

Witness then testified:

"The engineer asked Hover about a spark catcher and he said there was one in a barrel on the water tank, which he went and pulled out, and threw alongside the fence near my toolhouse."

He later said:

"When I came out with the screen Mr. Hover and Mr. Cook drove up, and Mr. Russell asked Mr. Hover for a screen; I told him I wouldn't let them in there, unless there was a screen on.    There was a screen in the barrel, and he pulled it out and says: 'Your screen is finer than mine,' and threw his alongside the fence."

Defendant moved to strike this out, but was refused; the court holding it was "competent as to whether there was a screen in the engine at that time," and, in the charge to the jury, confined the testimony to that question.    The witness Russell was allowed, subject to the same objection, to testify relative to what occurred at Brady's, saying that defendant brought with him a cone spark arrester which witness put in the top of the smokestack, and in putting it in he was not required to take another one out, and did not see any other there, and that on the way from Brady's to Cobine's there was no spark arrester on.    All of this testimony on the part of plaintiff tended to show, not subsequent repairs, but that while on the highway defendant's engine traveled without a spark arrester.    This testimony was also admissible for the purpose for which it was received.    Of the requests presented by defendant which were refused, the substance of those which were proper is included in the general charge of the court.

During the trial defendant offered testimony to show that plaintiff was in the habit of smoking in and about this barn, and presented a request to charge which the

court gave, in substance, with a modification added in the last two lines as follows:

"Testimony as to Ainsworth's smoking has been received, and is entitled to your consideration as to the probability of the origin of the fire. If you find it more probable that the fire originated in that way than by the engine, plaintiff cannot recover; but you must find as a matter of fact the inference that the fire originated that way."

The contention is that by this charge the court instructed the jury that the defendant had the burden of proof on this issue.

The charge of the court in no other respect is questioned by defendant. The court, as to the burden of proof in the case being upon plaintiff, and what plaintiff must prove in order to recover, clearly and correctly instructed the jury. In the record no suggestion is made of the probability of the fire having originated from any cause other than from the engine or plaintiff smoking about the barn, and in calling the attention to the claimed smoking of plaintiff, the jury was instructed that the inference that the fire probably originated in that way must be found as a matter of fact. By this language no reference was intended as to the burden of the proof. Our construction of this portion of the charge is that the inference could only be drawn from established facts in the case. There was a sharp dispute as to whether plaintiff ever smoked in the barn, and no evidence whatever that he had done so that morning. This charge was given with reference to this testimony. The modification of the request as given by the court was not erroneous. Other questions need not be discussed.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.