TYLER J. NEWTON'S ADMRX. *v.* AMERICAN CAR SPRINKLER COMPANY.

Special Term at Rutland, November, 1913.

Present:   POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed May 9, 1914.

*Joinder—Case and Trespass—Misjoinder—Pleading—Objections —Waiver—Defences in Trespass—Opinion Evidence—Sufficiency of Evidence—Argument of Counsel—Sale of Standing Timber—Right of Purchaser.*

Counts in case and trespass can be joined only when for the same cause of action; and, where it is manifest from an inspection of such counts that they are not for the same cause of action, an allegation to the contrary can be given no effect.

Misjoinder of causes of action can be taken advantage of only by demurrer to the declaration, motion in arrest of judgment, or writ of error.

A declaration consisting of two counts alleging defendant's rightful entry under a deed and that, while so in possession, it wrongfully removed designated timber, and of a third count alleging that defendant broke and entered plaintiff's close and therein cut down designated trees, shows on its face that the cause of action described in the third count is different from that relied on in the other two, and so shows a misjoinder of counts.

Where a declaration shows on its face a misjoinder of counts in case with a count in trespass, and defendant goes to trial without demurring, it cannot rely on an allegation of the counts in case

to secure the exclusion of evidence pertinent to the count in trespass, but the declaration as a whole and each of its counts must be accepted as sufficient, and plaintiff is entitled to introduce evidence under each count.

An expert may give an estimate of the amount of lumber that could be sawed from a designated number of hemlock trees having given dimensions one foot from the ground, as shown by witnesses who had counted and measured the stumps.

Where the third count of a declaration alleged a breaking and entry of plaintiff's close and the cutting down of trees therein, while the other counts alleged a rightful entry of the same close under a deed, but a wrongful cutting down of trees, and defendant pleaded only .the general issue, it could not, in defence of the third count, either show a license, or have the benefit of the license proved by plaintiff in support of the other counts.

Evidence that the purchaser of standing timber cut the trees clean at the place where it began the cutting; that the growth there included varieties not covered by its deed; and that, when complaint was made to the person in charge, he said that he had no copy of the deed and did not know just where they had a right to cut, tended to show that trees not of the kind purchased were cut and removed.

In an action against the purchaser of standing timber for the wrongful cutting and removal of timber not covered by the deed, where defendant's foreman testified that, while the work was in progress, he obtained by mail a copy of the deed and then instructed the men in accordance with its terms, the argument of plaintiff's attorney in reference to the foreman's testimony, "Why didn't he bring the post-office record to show when the letter was received?" was not prejudicial, the court having directed the jury not to consider the matter of the postmark.

Where during most of the trial a witness sat at the table with defendant's counsel and superintendent, reference to that conduct of the witness by plaintiff's counsel in argument was proper, because a mere comment on what the jury had observed.

The mistake of counsel in argument as to the witness who had given admitted testimony was harmless to defendant.

In an action against the purchaser of standing timber for wrongfully taking timber not covered by its deed, the fact that it failed to produce figures relating to the lumber that it took from the lot in

question, and gave no explanation of its failure to do so, was proper matter of comment by plaintiff's counsel in argument.

Where a deed of standing timber gave the purchaser the right to enter and cut and remove designated timber, reserving described timber standing by itself, but excepting eight trees from that reservation, the court properly charged that the purchaser had the right to cut and remove those eight trees, and to fell them on the land of the vendor, always using the care of a prudent man, but that he was under no obligation to avoid injuring the nearby reserved trees by felling across the highway or upon the land of another.

An objection to a charge not designated by the exception taken below will not be considered on review.

TRESPASS *quare clausum* and case.   Plea, the general issue. Trial by jury at the June Term, 1912, Windsor County, *Butler,* J., presiding.   Verdict and judgment for plaintiff.   The defendant excepted.   The opinion states the case.

*David A. Pingree* and *John G. Sargent* for the defendant.

*Davis & Davis* for the plaintiff.

MUNSON, J.   The plaintiff claimed and the defendant conceded that the defendant's rights in the premises were those conveyed to it by John S. Rand and described in his deed as follows:

All the pine, hemlock, white birch, ash, red oak and bass lumber now standing and growing on the farm of the late Tyler J. Newton * * down to six inches in diameter four feet from the ground; excepting and reserving the tops, limbs and wood from said lumber, and all the wood and timber standing by itself and adjoining the above described timber on the east. * * * *   Together with the right to enter upon said premises and cut down and remove said timber at any time prior to May 25, 1912, doing no unnecessary damage and replacing and rebuilding all fences removed or destroyed by cutting down or removing said timber.

The declaration contains three counts, of which we give the substance.   The first count sets up the defendant's right of entry under the deed, and alleges that the defendant, while in possession of the premises under said right, entered upon said

lands under the authority of said deed, and cut down and removed, not only the trunks of a large number of the trees specified, but also burned up, carried away and despoiled the tops and limbs of said trees, and also eighty cords of fire wood which were then and there worked up out of the tops, limbs and trunks of said lumber.

The second count sets up the right and possession of the defendant as in the first count, and alleges that the defendant entered upon said lands under said deed, and without right did unnecessarily, wrongfully and without leave of the plaintiff, cut down and carry away and convert to its own use a large number of maple, spruce, elm, poplar, white oak and yellow birch trees and the undergrowth then and there standing and growing.

The third count alleges that the defendant broke and entered the close of the plaintiff, and being so entered then and there cut down, damaged and despoiled a large number of pine, ash, hemlock, white birch, red oak, and bass trees which were less than six inches in diameter at four feet from the ground, and also a large number of maple, spruce, elm, poplar, white oak and yellow birch trees and underbrush, all then and there standing and growing.

It is also alleged that the causes of action set forth in the third count are the same causes of action as those set forth in the first and second counts.

The case was tried on the general issue, no special plea having been filed. The defendant excepted to the admission of evidence offered under the third count to show the cutting of trees of the varieties specified in the deed which were less than six inches in diameter, and to show the cutting of trees of other varieties than those named in the deed. The ground of the objection was that the acts sought to be proved were merely matters in aggravation of the breach of the close, and that it having been shown by the plaintiff that the defendant was rightfully upon the premises a count in trespass *quare clausum* could not be sustained. This position is now amplified in argument, and it is especially claimed that if the admission of the evidence can be sustained in the circumstances of this case there will still remain the objection of misjoinder.

It is manifest from an inspection of the counts that they are not for the same causes of action, and the allegation to the contrary can be given no effect. It is true that counts in case

and trespass cannot be joined unless for the same cause of action. The recognized methods of taking advantage of a misjoinder are demurrer to the declaration, motion in arrest of judgment, and writ of error. The defendant seeks to obtain the same benefit by an objection to the evidence. The plaintiff claims that the evidence was proper because the case was being tried on the general issue. The defendant contends that the rule which requires that a license be pleaded cannot be urged where the plaintiff has shown a license by allegation and proof.

The plaintiff cites in support of her position *Hubbell* v. *Wheeler*, 2 Aik. 359; *Sawyer* v. *Newland*, 9 Vt. 383; *Warner* v. *Hoisington*, 42 Vt. 94; relying specially upon the last named case, which has recently been quoted with approval in *Sawyer* v. *Childs*, 83 Vt. 329, 75 Atl. 886. It was said in *Warner* v. *Hoisington* that the defendant was relying under the general issue upon facts which he was bound to plead specially, and that he could not complain if the plaintiff recovered for the trespass which he had distinctly alleged in his declaration, and which he might have new assigned if the defendant had pleaded the special matter upon which his defence rested.

But the defendant says these cases are not authority here, because it is evident that in them there was no showing by allegation and proof on the part of the plaintiff that the defendant entered under a license. In support of this view the defendant quotes the following from the opinion in *Sawyer* v. *Newland:* ''There is nothing by which we can learn that the defendant entered for a lawful purpose, to wit, to cut the fallen timber, and then exceeded his permission; but on the contrary, the whole purpose and intent of the defendant may have been to cut the green timber, for anything which appears in the case.'' But it is also said in the same opinion: ''The defendant could not, without a plea or notice, rely on the license as a justification. The evidence introduced by the plaintiff, on the subject, showed the acts done by the defendant, by plaintiff's permission, as acts of ownership done by himself. For what was done by his permission is considered as done by him. The defendant was not, on this account, entitled to reply on it as a justification, without a plea to that effect.''

The situation seems to be this. The third count is in itself a complete and sufficient statement of a cause of action. The declaration as a whole could not have been sustained because

of its joinder, if the declaration had been demurred to.  But the defendant went to trial without demurring, and as regards the conduct of the trial the declaration as a whole and each count of it was to be accepted as sufficient.  The fundamental allegation of the third count was inconsistent with that of the first two counts, but the defendant could not rely upon the allegation of the first two counts to secure the exclusion of evidence pertinent to the third.  The plaintiff was entitled to introduce evidence under each count of her declaration, and the evidence objected to was admissible under the third count.

A witness who was found to be qualified as an expert, but who had not seen the lumber inquired about, was permitted, subject to the defendant's exception, to give an estimate of the amount of lumber that could be sawed from a certain number of hemlock trees having certain dimensions at one foot above the ground.  It appears from the transcript, which is referred to on this point, that the number and dimensions assumed in the inquiry had been testified to by witnesses who had counted and measured the stumps.  The evidence was properly received.

The defendant moved for the direction of a verdict under the third count on the ground that there was no evidence of a breaking and entering.  It is said in argument that the only evidence to support a verdict on this count was inadmissible evidence of matters of aggravation.  There was evidence that the defendant was upon the land and did the cutting complained of, and as the case stood this was in legal effect evidence of a breach of the close.  There was an entry which, if made without a license, constituted a breaking.  But the defendant, having failed to plead a license, could not show one as a defence to the third count, and could not have the benefit of a license proved by the plaintiff in support of .the first two counts.  To hold otherwise would be to allow the defendant the advantage of a demurrer after an issue of fact had been joined.

The defendant also moved for a verdict under the second count, claiming that there was no evidence that any trees not of. the kinds purchased were unnecessarily cut.  There was evidence that where the defendant first cut, the timber was cut clean; that the growth there included varieties not covered by the deed; and that when complaint was made to the person in charge he said that he had no copy of the deed, and did not

know just what they had a right to cut. This alone was evidence tending to sustain the allegation of unnecessary damage.

There was a like motion regarding the first count. It is said that there was no evidence that any tops of trees that were standing and growing were carried away. It will be enough to refer to a single question and answer. A witness was asked, "What became of the tops of the trees that were cut the first winter?" and replied that the company's teams drew them off.

The foreman in charge of this work was called by the defendant, and testified that when he commenced the cutting he did not have a copy of the deed; that soon after he began he was spoken to by the plaintiff's son regarding the kinds that were to be cut, and the size; that he at once wrote for a copy of the deed, and received it soon after by special delivery mail; and that on receiving it he instructed the men in accordance with its terms. The cutting was begun in the fall of 1907 and completed early in 1909. The trial was had in June, 1912. The attorney making the closing argument for the plaintiff referred to the foreman's testimony regarding the receipt of the deed, and said "Why didn't he bring the post-office record to show when the letter was received?" Defendant's counsel excepted to this argument, on the ground that information from the post-office department was equally open to both parties; and plaintiff's counsel attempted to sustain his position by some suggestions made to the court in the presence of the jury, both before and after the court instructed them; to each of which an exception was taken, and all of which were finally withdrawn. The court told the jury that they were not to consider the matter of the postmark, that no inference should be drawn from it, that the matter was as much open to one side as the other. It is not necessary to consider the applicability of the rule claimed and adopted; for we think there was nothing in this argument, as applied to an occurrence of this nature, that was likely to prejudice the defendant, and that the matter as left affords no ground of reversal.

Plaintiff's counsel argued that no reliance ought to be placed on the defendant's evidence because the defendant might have shown by the records of the mill how much of each of the different kinds of lumber was taken off the lot. Defendant's counsel excepted to this, saying that it did not appear that any such records were kept; and plaintiff's counsel said, Mr. Crockett

testified that he kept such a record.   Defendant's counsel said, Mr. Crockett is not in the employ and control of the defendant, and plaintiff's counsel inquired if he didn't sit with and prompt counsel during the trial; and an exception was taken to this statement.   Plaintiff's counsel continued his argument, and defendant's counsel asked an exception to all argument in this line, saying, there is no evidence in the case that any record was kept of the kinds of lumber or the amounts that are in the possession of the defendant, and plaintiff's counsel replied, the witness said he had a minute of it all.   The court thereupon said that the defendant would be entitled to an exception if counsel persisted in arguing upon that line, and plaintiff's counsel said he would say no more on the matter.   No further action was taken by the court.

The defendant's mill was handling logs from two places the first winter and from four the second winter.   The chopping on the plaintiff's place the first winter was done by the thousand feet.   Leroy Crockett was the foreman having charge of all the work; William Carey was the surveyor who measured the logs as they came into the millyard; and George Crockett was the board sawyer.   All these witnesses testified that the logs from the different places were put in separate piles, and George Crockett testified that they were not mixed in sawing.   Carey testified that he had had memoranda of all that he did there; that he didn't know as he had lost it, and might have it at home; that he saw it last when he got through there, and that he had not tried to find it; and, on being asked how much yellow birch he measured, said that if he had his papers he could tell.   George Crockett testified that he did not keep any record of the logs he sawed; that his only duty was to saw such logs as were brought up to him, and keep the lots; and when inquired of later where some logs came from said that it was his duty to notify Mr. (Leroy) Crockett at the mill so that he could keep a correct tally.

The exceptions state that during most of the trial Leroy Crockett sat at the table with defendant's counsel and Perry, its superintendent.   So the remark of plaintiff's counsel regarding this witness had reference to matters within the observation of the jury, and was not error.   It is evident that plaintiff's counsel, in asserting that certain evidence had been given, was mistaken as to the witness who gave it.   There was evidence

of the character claimed, and the mistake as to the source of it did not constitute reversible error. In view of the features of the defendant's case above presented, we think the fact that it produced no figures relating to the lumber that came from the plaintiff's lot and gave no explanation of its failure to do so, was proper matter of comment.

The reserved wood and timber described in the deed as standing by itself was further described by certain boundaries, and from this reservation eight trees were excepted, and no question is made as to the defendant's right to cut these trees. The court first charged with reference to these trees that the defendant had a right to cut them and move them, using the care of a prudent man, and doing no more damage than was necessary, and that if it went beyond that, and cut other trees, it would be liable for such damages. It was suggested that this should be so amended as to state that the defendant was entitled to cut these trees, felling them upon the Newton land, and not injure the property of anyone else. The court thereupon charged further that the defendant had the right to fell the trees upon the land of the plaintiff, using the care of a prudent man, and was under no obligation to avoid injuring other trees near by by felling these trees across the road or upon the land of someone else. We see no ground for complaint.

It is said that the court confused the issues when it spoke of the defendant's "going beyond the terms of the contract." No such complaint was presented to the county court by the exceptions taken.

The defendant moved that the verdict be set aside as contrary to the evidence, not supported by the evidence, and of an amount not warranted by the evidence. No special argument is made in support of the motion, and nothing is disclosed by our examination of the case that enables us to say that the verdict is manifestly wrong. See *Weeks* v. *Barron*, 38 Vt. 420.

*Judgment affirmed.*