STODDARD *v.* GRAND TRUNK WESTERN RAILWAY CO.

1. FIRES—LOCOMOTIVES—DIRECTED VERDICT.

In an action for the destruction by fire of plaintiffs' store and contents, alleged to have been negligently caused by a spark from defendant's locomotive, the court was not in error in refusing to direct a verdict for defendant on the ground that its engine was properly equipped with machinery, smokestack, screen, etc., as testified to by defendant's servants, where plaintiffs' witness, who had had 38 years' experience, testified that from his observation and experience the fire could not have been caused by an engine so properly equipped.

2. SAME—ARGUMENT OF COUNSEL—TRIAL.

The condition of the engine being a question of fact, it was not objectionable for plaintiff's counsel to argue to the jury that, if defendant's contention was true that an engine properly equipped could cause the fire, then there was no security for any property along the right of way.

3. SAME—RAILROADS—LOCOMOTIVES—EVIDENCE—BURDEN OF PROOF.

The provisions of section 6295, 2 Comp. Laws (2 Comp. Laws 1915, § 8305), shifts the burden of proof to the defendant railroad to show affirmatively that the fire originating from its engine was not negligently set.

4. SAME—EVIDENCE—BURDEN OF PROOF.

The management of the engine being a matter peculiarly within the knowledge of defendant's engineer and fireman, where their testimony showed they could not remember whether the door of the fire box was open, did not remember "anything about it," etc., when passing through the village where the fire occurred, the question whether the engine was affirmatively shown by defendant to have been properly managed at the time was a question of fact for the jury.

5. SAME—EVIDENCE.

Evidence that upon the same trip this engine caused another fire a short time before the fire in question, was

191 Mich.—21.

competent as tending to show defective condition or construction, and, when nearly contemporaneous, improper management, of the engine.

6. SAME—TRIAL—ARGUMENT OF COUNSEL.
   It was not reversible error for the court to permit counsel, in his argument to the jury, to comment on defendant's failure to produce at the trial the screen in use on the engine at the time of the fire; the evidence showing that the screen was bolted in place and easily removable.

Error to Shiawassee; Miner, J. Submitted January 14, 1916. (Docket No. 92.) Decided June 1, 1916.

Case by Hiram D. Stoddard and another against the Grand Trunk Western Railway Company for negligently setting fire to plaintiff's store building and contents. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Harrison Geer*, for appellant.

*Frank A. Dean, Monroe Faulkerson*, and *Chapman, McNamara & Mathews* for appellee.

STEERE, J. Plaintiffs were copartners engaged in general merchandising in the village of Perry, Shiawassee county, where they ran a store located in the so-called "Brown building," which was destroyed, with its contents, on July 6, 1913, by a fire claimed to have been originally ignited by sparks emitted from an engine of defendant. This fire, which spread to and destroyed numerous other buildings, started in the roof of an elevator building located between 30 and 40 feet south of defendant's tracks, which ran northeasterly and southwesterly through the village. The elevator was 80 feet long east and west, parallel with the track, 24½ feet wide, about 45 feet high "to the first hip," above which the fire started in the north side of the roof "about four feet from the ridge." Sheds, a black-

smith shop, and other buildings were in its immediate vicinity, with more buildings comparatively near them. Plaintiff's store was about 360 feet to the southeast of it. The fire started early in the afternoon and burned rapidly, soon spreading to adjacent buildings. The weather was warm and dry, with a high wind blowing from the northwest, occasionally shifting to the north. The elevator was not running, and plaintiffs' testimony tended to show that no buildings near by contained fire that day.

Defendant's road was double-tracked through Perry; the northerly track being for west-bound trains, and the southerly for east-bound. Shortly before the fire was discovered an extra train consisting of five baggage cars and two passenger coaches, carrying a carnival company, passed through Perry at about 1:40 p. m., standard time, east-bound on the south track, running about 35 miles an hour, drawn by engine 2297, and making no stop between Lansing and Durand. While much testimony was introduced upon the question of whether or not the fire was started by sparks escaping from defendant's engine No. 2297, and that issue was sharply contested in the trial court, defendant's counsel concedes that plaintiffs' proofs made it an issue of fact for the jury, under *Jones* v. *Railroad Co.*, 59 Mich. 437 (26 N. W. 662); *Hagan* v. *Railroad Co.*, 86 Mich. 615 (49 N. W. 509); *Clark* v. *Railway Co.*, 149 Mich. 400 (112 N. W. 1121, 12 Am. & Eng. Ann. Cas. 559); *Potter* v. *Railway Co.*, 157 Mich. 216 (121 N. W. 808, 22 L. R. A. [N. S.] 1039); *Union Ice Co.* v. *Railway Co.*, 178 Mich. 346 (144 N. W. 1033); *Pennsylvania Fire Ins. Co.* v. *Railroad Co.*, 184 Mich. 375 (151 N. W. 578). But it is urged defendant's testimony showed conclusively that the engine was fully equipped with machinery, smokestack, screen, fire box, etc., in good order, and was properly run, operated, and managed at the time and place

when and where it is charged with setting the fire, as required and specified in the exonerating proviso of section 6295, 2 Comp. Laws (2 Comp. Laws 1915, § 8305), with no conflicting testimony in the case which rises to the dignity of evidence.

The errors relied on and argued by defendant are in substance that the court should have directed a verdict in its favor, as requested, because the undisputed evidence showed that engine 2297 was in good order, properly equipped and managed at the time of the fire, in full compliance with the statute; that plaintiffs' attorney was permitted, against objection and exception, to comment upon and argue to the jury as an evidential fact defendant's failure to produce for inspection the screen used in said engine at the time of the fire, and to argue to the jury (as stated in defendant's brief):

"That if a screen in an engine will emit a spark that will carry vitality sufficient to ignite a building along the right of way of the Grand Trunk Railway, then there is no security for property along the railroad in the State of Michigan or in the United States."

The exact language of counsel as found on the page of the record referred to in that connection is:

"If it is true that that screen will emit a spark, that small screen in an engine will emit a spark that will carry vitality sufficient to ignite buildings along the railway of the Grand Trunk system, then, gentlemen of the jury, there is no security for any property along the rights of way of any railroad in the State of Michigan or in the United States."

This was said while arguing to the jury that, if the netting or screen used to prevent the escape of sparks from the smokestack of the engine was actually whole and in good order, sparks could not escape of sufficient size and vitality to ignite the elevator roof at the distance it was from the passing engine. Continuing the

argument by permission of the court against repeated exceptions to this line of argument, plaintiffs' counsel further said in part:

"If that is true, these little villages along their right of way would be nothing but smoldering heaps of ruins.  *  *  *  It is the only conclusion that can be reached;  *  *  *  my brother is wrong; they are wrong in their premises.  I say to you again that no sparks can be emitted from that screen, if it is in proper condition, and carry with it vitality sufficient to ignite a building 50 feet away."

We are not prepared to hold that this was illegitimate argument, if the question whether the engine was properly equipped and in good order was an issue for the jury.  Defendant's chief argument and first assignment of error are directed against the ruling of the trial court that it was, and the propriety of the argument stands or falls with that assignment, the essence of which is that defendant's testimony showed conclusively, and without any competent controverting evidence, that all excusing provisions of the statute under which this action is brought had been fully complied with by defendant.

The provision of the statute in question, "that such railroad company shall not be held liable if it prove to the satisfaction of the court or jury that such fire originated from fire by engines whose machinery, smokestack or fire boxes were in good order and properly managed," shifts the presumption of nonnegligence to that of negligence, and puts upon defendant the burden of showing affirmatively that the fire originating from its engine was not negligently set.  *Fisk* v. *Railroad Co.*, 114 Mich. 248 (72 N. W. 205).

To sustain this burden defendant introduced evidence that the engine claimed to have set the fire was properly equipped and managed, and that an engine under such conditions would sometimes emit sparks

and set fires as far or farther than charged in this case. The evidence upon the latter proposition was in its nature expert testimony, given by master mechanics, locomotive engineers, etc., from observation and experience in such matters. In denial of this plaintiff introduced the testimony of a locomotive engineer of 38 years' experience, who had been chief of the Brotherhood of American Engineers, and had run engines drawing all classes of trains under varying conditions. He testified upon the subject at length, and gave the opinion, from his observation and experience, that under the conditions of this case, as stated to him from the testimony, the fire could not have been set by sparks from defendant's engine if the screen was in good condition. Clearly his testimony was competent, and raised an issue of fact upon that question, under *Potter* v. *Railway Co., supra; Close* v. *Railroad Co.,* 169 Mich. 392, 403 (135 N. W. 346), and *Union Ice Co.* v. *Railway Co., supra.*

To avoid liability for a fire set by its engine it was incumbent upon defendant to show to the "satisfaction of the court or jury" both that it was in good order and that it was properly managed at the time. The management was a matter peculiarly within the knowledge of the engineer and fireman. The engineer testified in part that he was 25 years of age, with about 2½ years' experience as a locomotive engineer; had no regular run, but worked mostly on freight trains in defendant's employ as an extra engineer, to run when the regular men laid off; did not think he had run this engine before; did not know its size or length, nor the length of its flues, nor size of its diaphragm, smoke box, or screen; did not notice that anything was wrong with the netting, or that the engine was throwing sparks; did not remember when the fireman last fired before reaching Perry, or whether he had the door of the fire box open as they passed through there;

had no recollection about it, except that the wind was blowing from the north; nothing out of the ordinary occurred to attract his attention; the engine worked well, so far as he knew it was properly fired, and he handled it in a proper manner. The fireman testified, among other things, that he was 24 years old, had about 3½ years' experience as a fireman, fired this engine in the usual manner, and put in a fire when it was necessary; did not remember what kind of coal he was using, nor whether he had the door of the fire box open when they passed through Perry or not; did not remember "anything about it," but it was the rule not to fire in passing through towns, to keep from "throwing sparks and setting bridges afire, and buildings, and stockyards"; did not know they threw sparks that day, nor of the fire at Perry until their return trip; knew nothing about the front end of this engine, and observed nothing out of the ordinary in the way it was handled. The conductor and brakeman, who usually ran on freight trains, testified they were back in the train, and unable to tell how the engine worked, or the manner it was operated, except that they observed nothing unusual in that particular and did not know of it throwing sparks. This extra train crew was made up of men accustomed to running freight trains, the engineer was operating an engine he had not run before. Whatever their general competency, when their testimony is considered in connection with all other proofs of surrounding circumstances and conditions, the conclusion is unavoidable that whether this engine was affirmatively shown by defendant to have been properly managed at the time it passed the elevator at Perry was a question of fact to be determined by the jury, rather than of law to be decided by the court.

Plaintiff also produced two witnesses, who gave evidence to the effect that upon the same trip this engine

set fire to a meadow near the track some six or seven miles to the west of Perry as it approached the village, and but a short time before fire was discovered in the roof of the elevator. Evidence that a particular engine had recently caused fires in other places by escaping sparks is competent, as tending to show defective condition or construction, and, when so nearly contemporaneous, even improper management. *Hoyt* v. *Jeffers*, 30 Mich. 181; *Ireland* v. *Railroad Co.*, 79 Mich. 163, 165 (44 N. W. 426); *Hagan* v. *Railroad Co.*, *supra;* *Ainsworth* v. *Hover*, 162 Mich. 135, 137 (127 N. W. 325); *Close* v. *Railroad Co.*, 169 Mich. 392, 403 (135 N. W. 346); *Slossen* v. *Railway Co.*, 60 Iowa, 215 (14 N. W. 244); *West* v. *Railway Co.*, 77 Iowa, 654 (35 N. W. 479, 42 N. W. 512); *Steele* v. *Railway Co.* 74 Cal. 323 (15 Pac. 851).

It is fairly manifest from the setting of this case that the available evidence for plaintiff as to condition and operation of this engine were necessarily circumstantial, while the direct was in control of and available to defendant. The jury had the unquestioned right to weigh both, and determine the value of each. They had the right to find that the admissible circumstantial evidence relative to a fact in dispute was more convincing and outweighed the direct testimony of witnesses as to such fact. It is not for the court to weigh such evidence or pass upon the credibility of witnesses. The law does not define the weight to be given to such evidence; but where a material issue is raised by direct or circumstantial evidence, either or both, the whole matter comes within the scope and province of the jury.

Counsel for defendant urges that under the overwhelming and conclusive evidence introduced by it a verdict should have been directed for defendant, by authority of *Dolph* v. *Railway*, 149 Mich. 278 (112 N. W. 981), which is said to be directly in point and con-

trolling here. This court said in that case, speaking through Justice GRANT:

"We do not think that the statute of Michigan makes an issue of fact that must, under all circumstances, be left to the jury. When the railroad company has established by reputable and uncontroverted evidence that its appliances were such as good railroading requires, that they were in the condition required by the law, and properly managed, we think the question is one of law for the determination of the court, and not one of fact to be decided by the jury."

This was illustrated by supposititious cases readily distinguishable from the instant case, and it was further stated:

"If different conclusions can be drawn from conceded facts, or if the facts are in dispute, the question belongs to the jury."

And this concluding general rule, which is plainly applicable to the evidence in this case, is again clearly stated in *Clark* v. *Railway, supra,* as follows:

"If upon the whole case there is room for inference, based upon evidence, that equipment was defective, or that management was improper, the case is for the jury."

While, as has been often said, no two cases are exactly alike in all details of fact and circumstance, we find nothing in this case which makes inapplicable the rules of law which have been more than once announced in construing the statute involved, and which are amply discussed in the cases herein referred to.

Upon the defense much testimony was introduced as to the condition, kind, and use made of the spark arrester or screen in the engine at the time of the fire, and a sample like the netting used, or type, was produced in court. It was shown that the engine had been overhauled and new netting put in about three

months before the fire, and that immediately after the fire the engine was 'inspected by several qualified employees of defendant, who testified that it was in thorough repair and good condition, including the netting. A model was introduced, from which witnesses explained and illustrated where and how the netting was installed, and how it was inspected, including the use of a gauge to ascertain if the openings through the screen retained the standard size. The screen in the model was represented by a piece of gauze. It was shown that the screens used in that type of engine were made of No. 10 double crimped wire with a 2½x 2½ mesh, fastened in by bolts and easily removed. Defendant's shop foreman testified that smokestacks were renewed quite frequently. "We put in a new screen or netting." This netting was bought in rolls from the Buffalo Wire Cloth Company, and in putting in a new screen the employees would unroll what was required, shape it to fit the front end, and put it in. The amount of testimony devoted by the defense to this subject upon the trial and the promptness with which it was investigated after the fire indicate that defendant was alive to the importance of the condition of this netting. There was foundation in the evidence for plaintiff to claim that it would be neither expensive nor difficult for defendant to have preserved this primary evidence in its then condition and produced the screen as an exhibit upon the trial. It was not produced.

Under the circumstances of this case, and the character of defendant's testimony relative to the screen, it was not reversible error for the trial court to permit counsel to comment on its nonproduction. It has frequently been held that argument concerning the withholding or failure to produce apparently available and competent evidence upon a material issue is not objectionable. *Williams* v. *Railway Co.*, 102 Mich. 537,

542 (61 N. W. 52) ; *Huntsman* v. *Nichols,* 116 Mass. 521, 526; *Chambers* v. *Greenwood,* 68 N. C. 274; *Newton's Adm'x* v. *Car Sprinkler Co.,* 87 Vt. 546 (90 Atl. 583) ; *Concord Land, etc., Co.* v. *Clough,* 70 N. H. 627 (47 Atl. 704).

The judgment is affirmed.

STONE, C. J., and KUHN, BIRD, MOORE, BROOKE, and PERSON, JJ., concurred. OSTRANDER, J., did not sit.