ALLEN *v.* MICHIGAN TRUST CO.

1. RAILROADS—FIRES—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.
   In an action for damages to plaintiff's buildings and property by fire alleged to have been set by defendant's locomotive, evidence in behalf of plaintiff, *held*, sufficient to make a question for the jury respecting defendant's negligence.

2. SAME—GREAT WEIGHT OF EVIDENCE—NEW TRIAL.
   Although there was some conflict in the testimony as to the time of the fire and as to the time of the passing of defendant's train, verdict for plaintiff *held*, not against the great weight of the evidence, where plaintiff and his witnesses did not attempt to state the time exactly but only approximately, and the testimony was positive that the fire followed the passing of the train.

Error to Manistee; Cutler (Hal L.), J.     Submitted October 5, 1922.   (Docket No. 16.)     Decided December 5, 1922.

Case by Almarian A. Allen against the Michigan Trust Company, receiver of the Manistee & Northeastern Railroad Company, for the negligent burning of plaintiff's buildings.     Judgment for plaintiff.     Defendant brings error.     Affirmed.

*Travis, Merrick, Warner & Johnson,* for appellant.

*A. W. Penny,* for appellee.

CLARK, J.     Defendant's railroad crosses plaintiff's farm in Marilla township, Manistee county.     On June 11, 1921, fire destroyed his buildings and some other property.     Claiming that the fire had been set by a locomotive and that defendant was negligent, he

As to effect of presumption from fact that fire was set by locomotive to carry question of negligence to jury, see note in 5 L. R. A. (N. S.) 99.

brought suit and had verdict and judgment in the sum of $995.73. Defendant on error presents several questions, the important one being that the verdict is against the great weight of the evidence. Plaintiff's testimony is summarized by counsel:

"The plaintiff testified that on June 11, 1921, he had been to Mesick in the forenoon, returning home about 1 or 1:10 o'clock p. m.; that he put his horses in the barn. unharnessed them, one got away and ran down within 20 rods of the mill; that he went after and caught this colt and took particular pains to see if there were any fires and that there was no fire there at the time, nor anywhere in that locality; that within 5 minutes of observing that there was no fire, he saw the freight train going west, and about 5 minutes after the freight passed him, or within 10 minutes after he noticed that there was no fire, he discovered fire; that the freight in question passed his house some time about 1:30 p. m., going about 25 miles per hour, exhausting heavily, laboring and working hard; that the mill was about 60 or 70 rods from his house; that when he first discovered the fire, the freight had passed him, going west, had passed the mill and was ascending the steep grade to the west, being about one-half mile west of the mill; that immediately upon his seeing the fire after the train had passed the mill, he procured a shovel and ran to the fire; that when he reached the fire, it was burning in 4 or 5 places right along in a row, probably from 10 to 20 feet apart on the south side of the track on the same side as the mill. These fires were each about 10 feet across, 70 feet from the track, spreading very rapidly, sparks blowing all over. The wind was blowing hard from the west and the track run southwest. Within 15 minutes the fire had spread over 10 or 15 acres, to the mill first, later to the wood, posts, timber, wheat and house. The weather was dry."

Plaintiff's son testified that he was working in a field about 160 rods from the place of the fire, that he discovered it soon after 1:30 o'clock that afternoon, that he at once went to the fire, that there were

then several fires along the railroad, that before that there had been no fire in that vicinity, and that a train had gone through there immediately before the fire. Another witness said that there was no fire in that vicinity at 1 o'clock that day; that he later observed the fire in question and went to it about 1:30 p. m. The section foreman testified that the locomotive in question had been setting other fires; that several times just before the fire in question "Fires broke out shortly after she went by."

Four days after the fire the district forest fire warden examined the front end of the locomotive in question.   He found, as he says, holes or breaks in the plates, and an opening in or about the screen and that some of the holes were large enough to admit his fingers, and that the breaks had the appearance of being old.

Plaintiff's farm was about 6 miles from Glengary station.   Beside the train in question, two other trains passed that day, one east bound due at Glengary at 10:38 a. m. and one west bound leaving Glengary at 4:40 p. m.   Defendant had testimony that the train in question left Glengary at 1:50 p. m., that the dispatcher's sheet so showed, that it did not reach plaintiff's farm until just after 2 o'clock, that the locomotive in question was in good repair, and that its plates and screen were not defective.   The engineer and fireman testified that there was a fire burning near the place in question   when they passed that day and that they gave notice thereof by a card thrown from the engine to section men near Marilla station, but plaintiff insists that they but gave notice of a fire set by their engine, for the fireman testified on cross-examination:

"*Q.* You remember that card better, because it was the fire that you set that burned this mill down; that is right, isn't it?

"*A.* Yes, sir."

Defendant argues that this was a mere mistake of the fireman in testifying. The evidence adduced by defendant of the time of the passing of the train did not establish that the fire was not set by the locomotive in question. Plaintiff and his witnesses did not attempt to state the time exactly. They gave an estimate, an approximation. But there was positive testimony that the fire followed the passing of the locomotive. It cannot be said that the evidence in plaintiff's behalf did not make a question for the jury respecting defendant's negligence. *Stoddard* v. *Railway Co.*, 191 Mich. 321; *Maier* v. *Railway Co.*, 219 Mich. 679; *Jones* v. *Railroad Co.*, 59 Mich 437; *Michigan Mutual Home Ins. Co.* v. *Railway Co.*, 193 Mich. 431; *Pennsylvania Fire Ins. Co.* v. *Railroad Co.*, 184 Mich. 375. We think the trial court was clearly right in refusing to hold the verdict to be against the great weight of the evidence.

The charge is criticized. Taken as a whole it submitted fairly the case to the jury. Error is assigned upon rulings admitting evidence, and upon the argument of plaintiff's counsel. The assignments are without merit. No prejudicial error is found.

Judgment affirmed.

Fellows, C. J., and Wiest, McDonald, Bird, Sharpe, and Steere, JJ., concurred. Moore, J., did not sit.